[L. A. No. 21711. In Bank. Mar. 13, 1951.]

FRANK I. HOGAN, Petitioner, v. THE STATE BAR OF
CALIFORNIA, Respondent.

Frank I. Hogan, in pro. per., for Petitioner.

J. R. Vaughan and Jerold E. Weil for Respondent.

THE COURT.—This is a proceeding to review the recommendation of the Board of Governors of The State Bar that the petitioner be suspended from the practice of the law for a period of three months.

In a notice to show cause issued by the local administrative committee for the county of Los Angeles the petitioner was charged with violation of his oath and duties as an attorney. (Sections 6067, 6068 and 6106 of The State Bar Act.) The disciplinary proceeding was initiated because of the petitioner's statements in an "amended motion" for a new trial in a pending action and in a letter sent to the Los Angeles office of The State Bar. It was charged that on or about February 7, 1950, in the new trial proceedings he did not maintain the respect due to courts of justice and judicial officers, but engaged in offensive personality by referring in a disparaging way to the judge presiding in the case, charging him with being a petty judge, with acting as a prosecutor and attorney for the plaintiff in the case, and with being prejudiced against certain witnesses because of their religion. It was also charged that on or about March 14, 1950, in connection with the preliminary disciplinary hearing the petitioner sent to The State Bar a letter entitled "OPEN LETTER TO THE RIGHT HONORABLE HARRY R. SIMON, Recorder of Bell and Notary Public:" in which he engaged in a further disrespectful attack upon the same judge.

The petitioner filed an answer to the notice to show cause in which in the main he objected to the sufficiency of the charges. He later unsuccessfully moved to dismiss the charges upon the basis of his own affidavit explaining his conduct. The local administrative committee held hearings for three days, after which findings of fact, conclusions, and a recommendation were filed with the board. The committee found that the charges made against the judge by the petitioner were false, and that the unrestrained and defamatory nature of the "open letter" was a reflection upon the court and a conscious and intentional effort by the petitioner to defame

and malign the court and the judicial office of the judge. It was concluded that the petitioner indulged in offensive personality within the meaning of section 6068(f) and violated his oath and duties as an attorney within the meaning of section 6103. The committee also concluded that the petitioner's conduct amounted to moral turpitude and dishonesty within the meaning of section 6106. The recommendation was for suspension from practice for one year.

The Board of Governors adopted the committee's findings and conclusions except the conclusion relating to moral turpitude and dishonesty. The board reduced the recommendation to suspension for three months.

The petitioner's principal contention is that the evidence does not support the findings. An examination of the "amended motion" for new trial and of the "open letter" discloses that the findings and conclusions of the board were justified. Extracts from the record on the amended motion will indicate its offensive nature: ". . . I want once and for all to raise the question of the jurisdiction of petty police judges raised up to the dignity of Municipal and Superior Judges: . . . How then can a petty police judge . . . assume jurisdiction in a case pending in the Municipal Court . . . These petty judges are not elected or appointed to the Municipal Court. . . . [H]ence I claim the sitting judge in this case had absolutely no jurisdiction . . . Nice question, eh, what. Oh, yes. . . . [T]he court was also of the opinion that [three of the witnesses] lied; . . . with some attorneys everybody that does not agree with them lie and with some *judges*, they like to act as *prosecutors* and *attorneys* for the plaintiff and very often confuse the witness to such an extent that he does not know whether he is going or coming . . . I happen to know [two of the witnesses] and I have always found them . . . truthful. They are religious men. They do not attend a synagogue; but they are good Christians. Of course, Christians do not go to synagogues. . . ."

Short excerpts from the numerous disrespectful remarks in the 13-page typewritten "open letter" will demonstrate the equally improper tenor of the language employed in that document:

"My dear Harry and State Bar:

". . . I noted . . . that you have an LLD from the Metropolitan Business College. Well I was offered one also for $250.00 but I did not buy it. . . . I am [writing a legal work]

and when I am through . . . it will enable you to learn and study some more law.

". . . I am not a *picolo* player. I know to do what you have done in the musical line one must have a lot of wind and as our mutual friend said to me that that is your chief characteristic—wind. . . . I have found out one thing and that is that in order to get a fair trial before you, one must have a jury and a court reporter; both, especially if you do not happen to like the lawyer. . . . And you also remember in the Pitchfork case that you tried to prosecute my client; but this time I had a jury and you did not succeed . . ."

The petitioner contends that his reference to the judge as a "petty judge" was not meant to be disrespectful but was merely a reference to the inferior jurisdiction of a police court judge. Even so the other thinly-veiled inferences in the motion and in the letter remain without satisfactory explanation. There was no evidence presented at the disciplinary hearing to justify them. They stand as lapses in professional deportment and fully warranted the conclusion of the board that the petitioner violated his duty under section 6068(f) to abstain from offensive personality. (*Cf. In re Philbrook*, 105 Cal. 471 [38 P. 511, 884, 45 Am.St. Rep. 59]; *Bar Association* v. *Philbrook*, 35 Cal.App. 460 [170 P. 440].) It is equally apparent that the petitioner has violated his duty under section 6068(b) to maintain the respect due to the courts of justice and judicial officers. (*Cf. In re Collins*, 147 Cal. 8, 18-19 [81 P. 220]; *In re Philbrook, supra*, 105 Cal. 471; *Bar Association* v. *Philbrook, supra*, 35 Cal.App. 460; *In re Graves*, 64 Cal.App. 176 [221 P. 411].)

The petitioner seeks to justify his remarks on the ground that they were privileged. He asserts that the statements in the "amended motion" for a new trial were privileged because contained in a pleading. Hè also argues that his statements in the "open letter" could be considered within the privilege of fair comment concerning a candidate for public office inasmuch as the judge to whom the remarks were directed was seeking reelection. It is true that certain pleadings are considered to be privileged for purposes of relief from liability for libel. (Civ. Code, § 47(2); *Gosewisch* v. *Doran*, 161 Cal. 511 [119 P. 656, Ann.Cas. 1913D 442].) It is also true that a fair comment upon candidates for public office is not an actionable libel. (*Snively* v. *Record Publishing Co.*, 185 Cal. 565 [198 P. 1]; *Taylor* v. *Lewis*, 132 Cal. App. 381 [22 P.2d 569].) The merits of any such defenses

in an action for libel are not here involved. This proceeding arises out of charges that the petitioner violated his duties as an attorney. As such he must answer for his disrespectful demeanor toward the courts and for engaging in offensive personality regardless of whether or not his conduct be considered libelous.

The petitioner says that "this whole proceeding is contrary to law" because it is an unconstitutional delegation of legislative authority. Disbarment and disciplinary proceedings are, of course, judicial and not legislative in character. The functions of The State Bar are advisory only. Final action is with this court. The contention is without merit.

The petitioner asserts that proper notice of the preliminary investigation as required by rule 22 of the Rules of Procedure of The State Bar was not given him and that the disciplinary proceedings are therefore invalid. Rule 22 does not require formal notice. It may be given orally or in writing. That the petitioner had actual knowledge of the preliminary investigation is established by the fact that he sent the local committee the "open letter." But in any event the preliminary investigation is merely for the purpose of deciding whether formal charges should be brought. Since the petitioner appeared and answered the formal charges on the merits, he cannot now complain that he was denied an opportunity to show that the charges were groundless.

The petitioner has filed a "motion to enter default." He apparently entertains the erroneous view that the failure of The State Bar to answer his petition to review the disciplinary proceedings is a ground for a decision in his favor by default.

The Board of Governors' recommendation of a three months' suspension appears to be reasonable under the circumstances.

It is therefore ordered that the petitioner be suspended from the practice of the law in this state for the period of three months commencing 30 days after the filing of this opinion.

Gibson, C. J., did not participate.

Petitioner's application for a rehearing was denied April 10, 1951. Gibson, C. J., did not participate therein.