490 P.2d 96 (1971)
Lincoln P. TAGUE, Petitioner,
v.
COORS PORCELAIN COMPANY and the Industrial Commission of the State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado), Respondents.
No. 71-218.
Colorado Court of Appeals, Div. I.
October 27, 1971.
*97 Rodden, Cooper, Woods & Mitchell, Frederick S. Tenderich, Denver, for petitioner.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., for respondent Industrial Commission of State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado).
Selected for Official Publication.
COYTE, Judge.
This is the second appeal by the petitioner from the Industrial Commission's decision denying him unemployment benefits. In the first case, Tague v. Coors Porcelain, 29 Colo.App. 226, 481 P.2d 424, we remanded the case to the Commission with directions to make adequate findings of fact necessary for this court to review the decision.
Pursuant to our decision, the Commission did enter such findings. It again determined that the claimant was not entitled to benefits. The findings are that the petitioner's employment with Coors Porcelain Company was terminated in December 1969 because his work was unsatisfactory and not up to the standards required. Although the Commission took cognizance of the fact that the petitioner had suffered two nervous breakdowns, it found that this was not the cause of his inability to perform his assigned duties. The Commission concluded that his employment had been terminated because his work was unsatisfactory and not up to the standard required by the company and that he was not entitled to compensation pursuant to 1965 Perm.Supp., C.R.S.1963, 82-4-8(6) (b) (xvii), which provides for no award of benefits where the employment is terminated due to careless or negligent work.
The plaintiff has appealed, claiming that the Commission failed to recognize that his unsatisfactory performance resulted from a mental inability to do his work. Specifically, petitioner relies upon 1965 Perm. Supp., C.R.S.1963, 82-4-8(4), (k). This statute allows full award of benefits when the employee is separated from his employment because of "being physically or mentally unable to perform the work or unqualified to perform the work as a result of insufficient educational attainment or inadequate occupational or professional skills." Petitioner urges that because of his nervous breakdowns he has not been able to perform his assigned tasks and that he should be entitled to benefits because his unsatisfactory performance resulted from mental inability rather than from any negligence on his part.
The Commission contends, first, that the mental inability referred to by the statute refers to intellectual or educational achievements rather than mental illness and therefore would not apply. We do not accept this interpretation placed upon the statute by the Commission. In construing statutes, one must look to the clear and unambiguous wording used, and where interpreting provisions of the Unemployment Compensation Act the court should liberally construe the statute in favor of the claimant when possible. Industrial Commission v. Sirokman, 134 Colo. 481, 306 P.2d 669.
*98 Utilizing these rules of construction, it is clear that the mental inability referred to by the statute is not a narrow definition pertaining solely to intellectual or educational attainment. No such qualification has been placed upon this terminology by the legislature. The statute merely provides that if an employee is unable to perform because of mental incapacity, then he is entitled to benefits. It does not state that the mental incapacity or inability must result solely from educational or intellectual deficiencies, rather than illness. We therefore conclude that such a restriction on the term "mental inability" is not to be found in the wording of the statute and we will not judicially insert it.
This, however, does not mean that the petitioner is entitled to benefits, for the Commission found that petitioner was not suffering from a reoccurrence of mental illness to such an extent as to excuse his unsatisfactory performance. It specifically found that, although petitioner might not have been restored to complete mental health, he had been certified as fit to return to work by the treating physician, and, absent other evidence, the Commission determined that petitioner had failed to prove he was mentally unable to perform his work.
Our function as reviewing court is not to substitute our judgment for that of the Commission. If the evidence would support the findings made by the Commission, we must affirm. Curtis v. Industrial Commission, 167 Colo. 462, 447 P.2d 1012. There was evidence here that petitioner's mental health was not so impaired as to excuse his unsatisfactory performance, and, since the Commission accepted this evidence as true in finding petitioner was mentally able to perform his work, we must affirm that determination.
Order affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.