IN THE MATTER OF THOMAS H. COCHRANE,
ATTORNEY AT LAW.

No. 8229

April 29, 1976                    549 P.2d 328

*James P. Logan,* President; *Maurice J. Sullivan,* .Executive Secretary, State Bar of Nevada; *Peter D. Laxalt,* of Carson City, and *Steve Morris,* of Las Vegas, Special Prosecutors.

*George E. Graziadei* and *Robert E. Rose,* of Las Vegas, for Petitioner.

## OPINION

*Per Curiam:*

Thomas H. Cochrane, convicted of willful failure to file an income tax return for the calendar year 1971 (26 U.S.C. § 7203), has petitioned this court to review the recommendation of the Board of Governors of the Nevada State Bar favoring the imposition of a six month suspension from the practice of law, based on the premise that the petitioner's conviction involved moral turpitude.

Initially, we consider the question of whether moral turpitude exists solely by virtue of the petitioner's conviction. "Conviction of some crimes establishes moral turpitude on its face. These include crimes that necessarily involve an intent to defraud or intentional dishonesty for the purpose of personal gain." In re Fahey, 505 P.2d 1369, 1373 (Cal. 1973). No intent to defraud need be established to sustain a conviction for violation of 26 U.S.C. § 7203. United States v. McCorkle, 511 F.2d 482 (7th Cir.) cert. denied, ...... U.S. ......, 96 S.Ct. 43 (1975); United States v. Klee, 494 F.2d 394 (9th Cir.) cert. denied 419 U.S. 835 (1974).

"Thus respondent is subject to discipline only if his moral turpitude is established by special circumstances that are not necessarily present whenever the offense is committed." In re Fahey, supra, at 1373. Our *de novo* review of the facts reveals that: (1) Cochrane signed and filed informational partnership tax returns for each year in which he did not file individual returns; (2) Cochrane intended, at all times, to pay the obligations in full when he obtained sufficient funds; and (3) Cochrane's financial problems, resulting in an inability to pay his taxes, stemmed from both marital difficulties and a disabling injury to his partner. Both misfortunes existed during part, if not all, of the time periods in question.

The Board of Governors points to the fact that the Internal Revenue Service had to contact Cochrane before any attempts to arrange payment were made. However, it appears from the

record that Cochrane's financial and marital reverses were not at an end when contact was made and he was still without funds to satisfy his obligations to the federal government. Cochrane appears to have been totally candid with both the Internal Revenue Service and the State Bar in their investigations. The facts of this case do not sufficiently support a finding that Cochrane had an intent to defraud, or was intentionally dishonest for the purpose of personal gain, and accordingly, we do not deem petitioner's conviction to be one involving moral turpitude.

Although not finding moral turpitude, this court in no manner countenances Cochrane's actions. Unlike the California Supreme Court in In re Fahey, supra, we believe Cochrane's conduct, even though not involving moral turpitude, warrants disciplinary action. A conviction under 26 U.S.C. § 7203 violates the clear mandate of SCR 204 that: "He must also observe . . . the statute law." This transgression renders petitioner subject to discipline (SCR 99(1)(c)) and the only remaining question is what sanctions are appropriate.

"The objective of disciplinary action in such cases is not additional punishment of the attorney but rather to protect the public from persons unfit to serve as attorneys . . . and to maintain public confidence in the bar as a whole." In Re Ford's Case, 149 A.2d 863, 864 (N.H. 1959). There is not a scintilla of evidence before us that Cochrane was derelict in any duties owed to, or performed for, his clients. A suspension or disbarment in such a case would not serve to protect the public, rather it could only be denominated additional punishment.

We attempt to attain the above stated objective, first by disciplining Cochrane, which should help maintain public confidence in the bar as a whole, and second by imposing sanctions we deem appropriate in this case that will accrue to protect the public from those unfit to serve as attorneys. Accordingly, in lieu of any suspension a payment of $2,500 shall be made by Cochrane to the Client's Security Fund, established pursuant to SCR 86.5. In addition Cochrane is hereby fined $1,000 to be paid to the treasury of the State Bar of Nevada (SCR 99(2)), and is assessed the costs of these proceedings in the amount of $227.00.[1]

---

[1]The payment of the costs of proceedings shall be made on or before June 1, 1976, and the remaining obligations shall be discharged by monthly payments in the amount of $500.00 commencing July 1, 1976.