[S.F. No. 23458. May 3, 1978.]

In re BRIAN D. ROHAN on Suspension.

■■■■■

**COUNSEL**

Michael L. Krassner and Lance Grode for Petitioner.

Herbert M. Rosenthal for Respondent.

**OPINION**

**CLARK, J.**—Petitioner attorney was convicted of the wilful failure to file his federal income tax return for the year 1969. (26 U.S.C. § 7203.) We referred the matter to the State Bar for hearing and report as to whether the facts and circumstances surrounding commission of the offense involved moral turpitude or other misconduct warranting discipline and, if so, the nature and extent of recommended discipline. (See Bus. & Prof. Code, §§ 6101, 6103-6106.1; Cal. Rules of Court, rules 951(c), 951(d).)

A local administrative committee conducted a hearing, made findings, and concluded no moral turpitude or other misconduct was involved. The State Bar Disciplinary Board, after reviewing the record, unanimously adopted committee findings. A majority of nine of the fifteen-member board concluded no moral turpitude was involved, but a differently comprised majority of nine concluded the facts and circumstances surrounding the commission of the offense involved "other misconduct warranting discipline." A majority of the board, however, could not agree on the nature or extent of recommended discipline. ▉▉ ▉▉▉ We conclude for reasons which follow that petitioner must be disciplined even though his misconduct does not involve moral turpitude, dishonesty or corruption (see Bus. & Prof. Code, §§ 6101, 6106).[1]

---

[1] An attorney who has been convicted of a crime may properly be deemed a respondent before this court if we should direct to him an order to show cause and if disciplinary proceedings are held pursuant to California Rules of Court, rule 951(b). In the vast majority of such matters, however, we have referred the cause to the State Bar for

Petitioner, now 40 years of age, was admitted to practice law in January 1964. He has not previously been subjected to discipline except for a private reproval in 1973 for inadvertent failure to notify clients of a default judgment. He failed to file timely federal income tax returns for the years 1964 through 1970. He testified before the committee that his failure to do so was caused by marital problems which commenced in 1963 and continued for several years. He kept no formal books of account and his check stubs and bank statements were scattered about. He had filed income tax returns for years prior to 1964 when he was in an employee status, and he was continuously aware his failure to file a return for any year constituted a criminal offense and subjected him to civil penalties. He further testified that he provided, without compensation, considerable legal services to HALO (Haight-Ashbury Legal Organization), an organization which furnished free legal services primarily in drug related matters, and that he had neglected his own affairs to assist other persons in need of legal services.

Petitioner's income improved substantially beginning in 1968, increasing from $17,000 in 1967 to $41,000 in 1968, and to $64,000 in 1969. In 1968, prior to petitioner's knowledge of the institution of any investigation by the Internal Revenue Service, petitioner hired a certified public accountant to prepare his delinquent and current tax returns. The 1964 through 1967 returns were completed by the end of 1969, but they were not then filed because petitioner wanted to complete the 1968 return before filing any return. The 1968 and 1969 returns were prepared during 1970, but their revisions were not completed until April 1971. Again petitioner delayed filing any return, this time upon the advice of counsel who was defending him in Arizona on a drug related matter. Petitioner was exonerated of all wrongdoing in that proceeding but during the pendency of the Arizona action he became aware for the first time the Internal Revenue Service was conducting a criminal fraud investigation of his failure to file returns for 1964 through 1969. The delinquent returns

proceedings pursuant to rule 951(c). In such an instance the attorney is required to respond to the orders of the State Bar and is properly deemed a respondent in those proceedings. If he wishes, as in this case, to challenge an adverse report and recommendation filed by the State Bar he is then cast in the role of a petitioner before this court. (Cal. Rules of Court, rule 951(d).) Although in some instances we have designated such an attorney as "respondent," because he would have been so designated had there not been a reference, or because he was so described in proceedings before the State Bar (see *In re Fahey* (1973) 8 Cal.3d 842 [106 Cal.Rptr. 313, 505 P.2d 1369, 63 A.L.R.3d 465]), our practice with few exceptions has been to refer to him as "petitioner" before this court and we have concluded that such is the proper designation.

All statutory references herein are to sections of the Business and Professions Code, unless otherwise stated.

for those years were finally filed in November and December 1971, and the 1970 return was filed in February 1972.

Petitioner was charged in 1974 in federal court with the wilful failure to file income tax returns for each of the years 1967 through 1970. He entered a plea of guilty to that count of the information charging wilful failure to file the 1969 return, and the other counts were dismissed. He was sentenced to prison for one year and fined $3,000. Execution of sentence was suspended as to the prison term, and petitioner was placed on probation for a three-year period on condition he pay the fine and all back taxes and penalties in such installments as directed by his probation officer.[2]

■ Petitioner disputes the existence of a statutory basis upon which discipline is warranted. He argues that because there is no finding his misconduct involves moral turpitude, dishonesty or corruption, he cannot be disciplined pursuant to either section 6101 or 6106.[3] "Moral turpitude has been defined as 'an act of baseness, vileness or depravity in the private and social duties which a man owes to his fellowmen . . . .' [Citations.]" (*In re Fahey, supra,* 8 Cal.3d 842, 849.)

The conviction of a wilful failure to file a federal income tax return does not establish, on the face thereof, the involvement of moral turpitude (*In re Fahey, supra,* 8 Cal.3d 842, 849-850) and, if moral turpitude is to be established, it must be based on special circumstances which are not necessarily present whenever the offense is committed. (*Id.,* at p. 850.) ■ In the instant case we requested a finding on the moral

[2]Petitioner also failed to timely file and pay state income tax returns. He testified he had arranged to pay his state delinquencies in monthly installments.

An audit by the Internal Revenue Service, completed after the disciplinary hearing, reflected no discrepancies in the returns filed by petitioner for the years 1964 through 1967, or for 1969. Adjustments were made as a result of the audit in the returns for 1968 and 1970.

No criminal fraud charges were ever filed, and petitioner continues to dispute, on the ground he had no specific intent to evade tax liabilities, the Internal Revenue Service's assessment of civil fraud penalties.

[3]Section 6101 provides in pertinent part: "Conviction of a felony or misdemeanor, involving moral turpitude, constitutes a cause for disbarment or suspension."

Section 6106 provides: "The commission of any act involving moral turpitude, dishonesty or corruption, whether the act is committed in the course of his relations as an attorney or otherwise, and whether the act is a felony or misdemeanor or not, constitutes a cause for disbarment or suspension. [¶] If the act constitutes a felony or misdemeanor, conviction thereof in a criminal proceeding is not a condition precedent to disbarment or suspension from practice therefor."

turpitude issue and both the local committee and board found no moral turpitude was involved and, further, petitioner "at no time misrepresented the facts or falsified any of the records either before the IRS, the committee, or otherwise. There is no evidence that [petitioner] sought to achieve any personal financial gain by not filing his tax returns." Although we must exercise our independent judgment on the weight and sufficiency of the evidence (*Lee* v. *State Bar* (1970) 2 Cal.3d 927, 939 [88 Cal.Rptr. 361, 472 P.2d 449]) and on the legal question of moral turpitude (*In re Higbie* (1972) 6 Cal.3d 562, 569 [99 Cal.Rptr. 865, 493 P.2d 97]) we discern no basis for departing from the foregoing findings and conclusion that no moral turpitude was involved in petitioner's failure to timely file his income tax returns.

The disciplinary board was of the opinion that, aside from conduct involving moral turpitude, there is "other misconduct warranting discipline"[4] because petitioner has violated his oath as an attorney.[5] Every attorney upon his admission to practice law is required to take an oath "to support the Constitution of the United States and the Constitution of the State of California, and faithfully to discharge the duties of any attorney at law to the best of his knowledge and ability." (§ 6067.) Among the duties of an attorney at law is the duty to "support the Constitution and laws of the United States and of this State." (§ 6068, subd. (a).) Because petitioner was convicted of a federal crime he failed to support a law of the United States, he thereby failed to discharge his duties as an attorney to the best of his knowledge and ability, and such breach of his oath as an attorney is urged to constitute grounds for disciplinary action.

The foregoing suggests the violation of a state or federal criminal statute by an attorney constitutes a breach of his oath and is grounds for disciplinary action in particular cases. Aside from statutory provisions which relate to an attorney's professional responsibilities (§§ 6103-6105) only sections 6101 and 6106 deal directly with criminal conduct as grounds for disciplining an attorney. (See also, § 6106.1.) If we are to embrace the proposition that criminal conduct not involving moral turpitude nevertheless warrants disciplinary action because it constitutes

---

[4]We are not advised of the "other misconduct." The only misconduct charged and found is that relating to the failure to timely file tax returns. We deem the board's position to be that petitioner's failure to file his returns, although not constituting reasons for discipline pursuant to section 6101 or 6106, nevertheless constitutes ground for discipline pursuant to another standard.

[5]Section 6103 provides in pertinent part that ". . . any violation of the oath taken by him, or of his duties as such attorney, constitute[s] cause for disbarment or suspension."

a breach of an attorney's oath, we would necessarily impose higher disciplinary standards than those imposed by statute.

We have heretofore disciplined members of the bar in absence of a finding of moral turpitude for violations of their oath and duties as attorneys. In all reported cases to which we are referred, however, the misconduct related to the attorney's professional responsibilities and not to unrelated criminal misconduct. (See *Spindell* v. *State Bar* (1975) 13 Cal.3d 253 [118 Cal.Rptr. 480, 530 P.2d 168]; *Moore* v. *State Bar* (1964) 62 Cal.2d 74 [41 Cal.Rptr. 161, 396 P.2d 577]; *Hogan* v. *State Bar* (1951) 36 Cal.2d 807 [228 P.2d 554]; *Christopher* v. *State Bar* (1945) 26 Cal.2d 663 [161 P.2d 1].) ■ This court possesses inherent powers to discipline a wayward attorney whether or not his misconduct involves moral turpitude. Our inherent powers are not limited by our interpretation of statutory provisions to the effect that criminal conduct unrelated to an attorney's professional responsibilities does not constitute grounds for discipline unless it involves moral turpitude, dishonesty or corruption within the meaning of section 6106. (See also § 6106.1.) The Legislature has provided that nothing contained in the State Bar Act (§§ 6000-6172) "shall be construed as limiting or altering the powers of the Supreme Court of this State to disbar or discipline members of the bar as this power existed prior to the enactment of" the 1927 State Bar Act. (§ 6087.) Moreover, the "statutory grounds for discipline are not exclusive. [Citations.]" (*Stratmore* v. *State Bar* (1975) 14 Cal.3d 887, 889-890 [123 Cal.Rptr. 101, 538 P.2d 229].)

■ Petitioner contends that although we have inherent powers in disciplinary matters, we have heretofore concluded a wilful failure to file federal income tax returns, when that failure did not involve moral turpitude, dishonesty or corruption and was unrelated to the attorney's professional responsibilities, does not constitute grounds for disciplinary action. (See *In re Fahey* (1973) 8 Cal.3d 842 [106 Cal.Rptr. 313, 505 P.2d 1369, 63 A.L.R.3d 465].)

This is the first reported case in which we expressly consider the question whether discipline is warranted for criminal conduct involving neither moral turpitude nor an attorney's responsibilities in the performance of professional services. However, we have since 1973 indicated such misconduct may be punishable. In *Fahey* and generally in earlier cases (cf. *In re Hallinan* (1954) 43 Cal.2d 243, 245 [272 P.2d 768]), when we were advised an attorney had been convicted of a crime which might involve moral turpitude (see § 6101) we referred the cause to the State

Bar for the limited determination of moral turpitude. The State Bar's report and findings in such instances were responsive only to that issue. (See *In re Fahey, supra,* 8 Cal.3d 842, 845.)[6] Beginning in 1973 after *Fahey,* however, our references to the State Bar in such cases have been, as in the instant case, for "hearing, report and recommendation on the question whether the facts and circumstances surrounding the commission of the offense ... involved moral turpitude *or other misconduct warranting discipline ....*" (Italics added.)

We have thus at least suggested we are disposed to discipline an attorney for criminal misconduct other than that involving moral turpitude or related to professional responsibilities, although in no earlier reported case have we directly confronted the issue.[7] Such suggestion is also made in our opinion in *In re Kreamer* (1975) 14 Cal.3d 524 [121 Cal.Rptr. 600, 535 P.2d 728]. Discipline in that case was warranted on a finding of moral turpitude. We noted, nevertheless: "The federal offenses of which petitioner was convicted on his pleas of guilty were serious in nature and reflected on his character as a member of the legal profession whose duty it was to 'support the Constitution and laws of the United States and of this State.' (Bus. & Prof. Code, § 6068, subd. (a).)" (*Id.,* at p. 531.)

An attorney as an officer of the court and counselor at law occupies a unique position in society. His refusal to obey the law, and the bar's failure to discipline him for such refusal, will not only demean the integrity of the profession but will encourage disrespect for and further violations of the law. This is particularly true in the case of revenue law violations by an attorney. " 'Governments cannot operate effectively unless their revenue laws are obeyed. Such a violation of the tax laws by an attorney is a matter of serious concern because he necessarily must advise clients with respect to their obeyance of such laws. Furthermore, the legal profession is one which is peculiarly charged with the administration of our laws and therefore it is incumbent upon lawyers to set an example for others in observing the law. The intentional failure to file income tax returns evinces an attitude on the part of the attorney of placing himself above the law.' " (*In re Bunker* (1972) 294 Minn. 47 [199 N.W.2d 628, 631], quoting from *State* v. *Roggensack* (1963) 19 Wis.2d 38 [119 N.W.2d 412, 416]; see also *Matter of Cochrane* (1976) 92 Nev. 253 [549 P.2d 328, 329].)

---

[6]In *Fahey,* accordingly, the attorney was not charged with an oath violation.

[7]We have by minute order in In re Foley (1976) Bar Misc. 3711, publicly reproved an attorney for failure to file state income tax returns.

We conclude that even· in the absence of a finding of moral turpitude or a breach of an attorney's responsibilities in the performance of professional services, the willful failure to timely file income tax returns may warrant, in particular circumstances, disciplinary action. Our conclusion herein is in accord with the heavy weight of authority in those sister states speaking to the issue (see Annot., 63 A.L.R.3d 512, 519-526) and the recommendation of the American Bar Association, as promulgated by the Standing Committee on Professional Discipline in its 1974 Suggested Guidelines for Rules of Disciplinary Enforcement.

It is manifest that particular violations of the law by an attorney, even certain violations for willful failures to file income tax returns, may not warrant the imposition of discipline for an oath violation. Discipline is warranted, however, in such instances when the violation demeans the integrity of the legal profession and constitutes a breach of the attorney's responsibility to society.  █  We are satisfied discipline is warranted in light of the particular facts and circumstances surrounding petitioner's willful failure to file income tax returns. We deem there to be no mitigating circumstance excusing petitioner's conduct. His reasons for failing to file over a prolonged period of years raise problems differing little in kind or degree from those confronting many a harried taxpayer.

It is ordered petitioner be suspended from the practice of law for two years, that execution of the order of suspension be stayed, and that he be placed on probation for the two-year period upon condition he actually be suspended for the first sixty days. We additionally order that petitioner be subject to further actual suspension upon application of the State Bar unless, within one year of the effective date of this order, he pass the Professional Responsibility Examination. (See *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891, fn. 8 [126 Cal.Rptr. 793, 544 P.2d 929].) This order is effective 30 days after the filing of this opinion.

Richardson, J., concurred.

**TOBRINER, Acting C. J.**—The court's opinion first asserts that any violation of law by an attorney constitutes a violation of his oath and duty to "support the Constitution and laws of the United States and of this State" (Bus. & Prof. Code, § 6068, subd. (a)), and thus constitutes grounds for discipline. But the opinion retreats from that sweeping

proposition in acknowledging that "particular violations of the law by an attorney ... may not warrant the imposition of discipline for an oath violation." (*Ante,* p. 204.) It then proclaims to the profession a new principle: a violation of law, although not involving moral turpitude, is grounds for discipline if it "demeans the integrity of the legal profession and constitutes a breach of the attorney's responsibility to society." (*Ante,* p. 204.)

In my opinion, the court's principle is far too vague and amorphous a standard on which to rest a decision which may suspend or bar a person from the practice of his profession. (Cf. *Morrison* v. *State Board of Education* (1969) 1 Cal.3d 214, 224-225 [82 Cal.Rptr. 175, 461 P.2d 375].) I would focus instead upon the relationship of the offense to the attorney's fitness to practice law.

The purpose of State Bar disciplinary procedures is "to ensure that the public, the courts, and the profession are protected against unsuitable legal practitioners." (*In re Higbie* (1972) 6 Cal.3d 562, at p. 570 [99 Cal.Rptr. 865, 490 P.2d 97]; see *Hallinan* v. *Committee of Bar Examiners* (1966) 65 Cal.2d 447, 471-472 [55 Cal.Rptr. 228, 421 P.2d 76]; *In re Rothrock* (1940) 16 Cal.2d 449, 454 [106 P.2d 907, 131 A.L.R. 226].) An offense may breach the defendant's duty to society, yet bear no significant relation to fitness to practice. A leading example is *Hallinan* v. *Committee of Bar Examiners, supra,* 65 Cal.2d 447, in which we admitted an applicant to practice law despite prior convictions for assault, battery, disturbing the peace, and trespassing. Conversely, a relatively minor offense may reflect on the practice of law; in *Christopher* v. *State Bar* (1945) 26 Cal.2d 663 [161 P.2d 1], for example, we suspended a justice of the peace for violating a statute which, while permitting him to practice law, forbade him from practicing in other justice courts in the same county in which he served as a justice. In sum, the relationship of the offense to the practice of law, not its seriousness, is the crucial element justifying the imposition of discipline.

The requirement of a specific nexus between the attorney's conduct and the practice of law should not be evaded by assertions that such conduct demeans the integrity of the legal profession or constitutes an example which may encourage others to violate the law. Such assertions merely concoct a method by which a transgression unrelated to legal practice can be magnified by unproven and hypothetical conjectures as to its effect upon the opinions of others. (Cf. *Board of Education* v. *Jack M.*

(1977) 19 Cal.3d 691, 699 fn. 4 [139 Cal.Rptr. 700, 566 P.2d 602].) We have frequently stated as a constitutional principle that a person can be barred from the practice of his profession only for reasons related to his fitness or competence to practice that profession (*Newland* v. *Board of Governors* (1977) 19 Cal.3d 705, 711 [139 Cal.Rptr. 620, 566 P.2d 254] and cases there cited); to allow discipline for unrelated conduct on the ground that it demeans the integrity of the profession would detract from that fundamental principle.

In *Morrison* v. *State Board of Education, supra,* 1 Cal.3d 214, we construed the term "moral turpitude" in Education Code section 13129 (now Ed. Code, § 44345, subd. (e)) to designate conduct which indicated unfitness to teach. (See 1 Cal.3d at p. 225.) Arguably we should follow the same path and construe "moral turpitude" in Business and Professions Code sections 6101 and 6106 to mean conduct by an attorney which indicates unfitness to practice. Such a construction would obviate the necessity for the court to proceed beyond its statutory authority in the imposition of discipline for conduct which may *not* involve "baseness, vileness or depravity" (*In re Craig* (1938) 12 Cal.2d 93, 97 [82 P.2d 442]) yet indicates unfitness to practice.

I concur in the court's order imposing probation in the present case only because I believe petitioner's conduct does reflect on his fitness to practice law. The maintenance of clear and accurate financial records and the preparation and filing of timely tax returns closely parallel the duties of a practicing attorney. Petitioner's carelessness in these matters suggests that, for the protection of clients, his practice should be subject to probationary supervision by the State Bar.

Mosk, J., concurred.

**SULLIVAN, J.**\*—I concur in the order imposing discipline and I agree generally with the court's reasons therefor insofar as they are based on the record now before us and are applicable in the light of the particular facts and circumstances surrounding this petitioner's commission of the offense involved. However I do not agree with the court's attempted reassessment of *In re Fahey* (1973) 8 Cal.3d 842 [106 Cal.Rptr. 313, 505 P.2d 1369, 63 A.L.R.3d 465] or with its purported formulation of general

---

\*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.

bases for discipline in this area, couched in vague language and fashioned from nebulous "suggestions" in the statutory and case law.

Wright, J.,† concurred.

---

†Retired Chief Justice of California sitting under assignment by the Acting Chairperson of the Judicial Council.