OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs. Subdivision 4 of section 90 of the Judiciary Law mandates automatic disbarment upon conviction of a felony. It is clear that under this section as construed prior to its recent amendment (L 1979, ch 674), an attorney ceases to be a member of the Bar when convicted of a Federal felony, even one that has no New York analogue (Matter of Thies, 45 NY2d 865; Matter of Chu, 42 NY2d 490). Thus, upon his conviction under section 645 of title 15 of the United States Code, a felony under Federal law, appellant was automatically disbarred and it was proper for the Appellate Division at that time to strike his name from the roll of attorneys. The statutory sanction was rendered no less operative because the plea had been entered pursuant to North Carolina v Alford (400 US 25). Although appellant did not admit his guilt, nonetheless he stood convicted of a felony.
In light of this disposition, it is unnecessary to determine *861 whether the Federal offense has a New York counterpart and thus, we do not pass on that question which appropriately should.be left to the Appellate Division to consider anew upon proper application. Although the recent amendment to section 90 does not apply on this appeal, we note that appellant, if so advised, is free to make application to the Appellate Division for any relief that may be available.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.