In the Matter of Ray C. PRESTON.

No. 4889.

Supreme Court of Alaska.

Aug. 29, 1980.

Ray C. Preston, pro se, and James W. McGowan, Juneau, for respondent.

William W. Garrison, Bar Counsel, Anchorage, for Alaska Bar Association.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER *, BURKE and MATTHEWS, JJ.

## OPINION

RABINOWITZ, Chief Justice.

This appeal involves a disciplinary matter in which we are faced with determining the nature and extent of the disciplinary action to be taken against Ray Preston. Preston was convicted of a felony, which, under Alaska Bar Rule II–23, is included in the definition of "serious crime" and thus calls for the automatic commencement of bar disciplinary proceedings. Preston was convicted on his plea of nolo contendere to the offense of distributing cocaine to another. The superior court, after hearing, suspended imposition of sentence and placed Preston on probation for two years. The Area Hearing Committee recommended that Preston be suspended for six months. Thereafter, the Disciplinary Board of the Alaska Bar Association recommended that Preston be suspended from the practice of law for two years. The case is now before us to determine whether Preston's conviction warrants discipline, and, if so, the extent to such discipline. We have determined that Preston should be suspended from the practice of law for two years.

The relevant underlying facts are as follows. After graduation from law school in 1971, Preston was employed by the Attorney General's office in Juneau. Except for a period of about six months in 1974 during which he worked as an Administrative Assistant to then–Governor Egan, Preston worked for the Attorney General's office from August 1971 until he was suspended in 1978 as a result of the criminal offense discussed herein. In May 1978, Preston was indicted by a grand jury on three counts of drug violations. Count I charged that on April 28 he had given marijuana to a thirteen–year old minor in violation of AS 17.-12.010.[1] Count II charged that on April 29 he had given this same minor cocaine in violation of AS 17.10.010. The final count, count III, charged that he had, on April 29, given to an undercover agent approximately .03 grams of cocaine in violation of AS 17.10.010. On March 19, 1979, Preston changed his plea of not guilty to nolo contendere as to count III. This was done pursuant to an agreement in which the state dismissed the remaining two counts of the indictment. As previously mentioned, at sentencing the superior court suspended imposition of sentence for two years and placed Preston on probation for that period. In addition to the usual probation conditions, Preston was ordered not to possess any controlled substances except under doctor's orders and to pay a fine of $5,000 or complete 500 hours of community service.

On April 5, 1979, we issued an order, pursuant to Bar Rule II–23(a),[2] immediately suspending Preston from the practice of law for conviction of a felony,[3] "pending

---

\* This case was submitted to the court for decision prior to Justice Boochever's resignation.

1. AS 17.12.010 provides:

    Except as otherwise provided in this chapter, it is unlawful for a person to manufacture, compound, counterfeit, possess, have under his control, sell, prescribe, administer, dispense, give, barter, supply or distribute in any manner, a depressant, hallucinogenic or stimulant drug.

2. Alaska Bar R. II–23(a) provides:

    Upon the filing with the Court of a certificate demonstrating that an attorney has been convicted of a serious crime as hereinafter

defined, the Court shall enter an order immediately suspending the attorney, whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial or otherwise, and regardless of the pendency of an appeal, pending final disposition of a disciplinary proceeding to be commenced upon such conviction.

3. Alaska Bar R. II–23(b) provides:

    The term 'serious crime' shall include any crime which is or would be a felony in the State of Alaska, except violations of Alaska Statutes Title 28 and violations of motor vehicle laws of other states or local governments, and shall also include any lesser crime

final disposition of a disciplinary proceeding to be commenced upon such conviction."[4] Since the conviction is conclusive evidence of the commission of a serious crime,[5] the sole purpose of the hearing was to make a recommendation as to the extent of discipline to be imposed.[6] After hearing testimony and reviewing all the evidence submitted, the Area Hearing Committee issued findings of fact and a recommendation of six months' suspension.[7]

The Area Hearing Committee's findings and recommendations were then filed with the Disciplinary Board. The parties "stipulated that the Disciplinary Board could hear the matter on an expedited basis without further oral argument or briefing." The Disciplinary Board made its own findings of fact which deviated somewhat from those of the Hearing Committee. These findings formed the basis for a recommendation to this court to impose a more substantial penalty than was recommended by the Hearing Committee. The relevant findings of the Disciplinary Board are as follows:

As an officer of the court, respondent is charged with obedience to the law. When admitted to the practice of law, he swore to uphold the law.

Conviction of a serious crime is conduct that adversely affects respondent's fitness to practice law.

The Respondent's violation of the law manifests his want of fidelity to the system of lawful government.

Respondent's felonious activity engenders disrespect for the law if such activity is to go without sanction.

Respondent's '. . . criminal conduct, employing conscious dishonesty, de-

---

a necessary element of which, as determined by the statutory or common law definition of such crime, involves conduct as an attorney, interference with the administration of justice, false swearing, misrepresentation, fraud, . . . deceit, bribery, corruption, extortion, misappropriation, theft, or an attempt or a conspiracy or solicitation of another to commit a 'serious crime.'

4. Alaska Bar R. II–23(a), *supra* note 2; *see also* Alaska Bar R. II–10, II–15.

5. Alaska Bar R. II–23(c) provides:
A certificate of a conviction of an attorney for any crime shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against him based upon the conviction.

6. The types of discipline available for this court to administer are set forth in Alaska Bar R. II–12, which provides:
Misconduct shall be grounds for:
(a) Disbarment by the Court; or
(b) Suspension by the Court for a period not exceeding five years; or
(c) Public censure by the Court; or
(d) Private reprimand by the Disciplinary Board; or
(e) Private informal admonition by [the Administrator.]

7. Among the relevant findings of fact made by the Area Hearing Committee are the following:
The formal petition charges that the commission of the crime of distribution of a narcotic drug as referred to in Finding No. 4 herein, constitutes engaging in conduct that adversely affects Respondent's fitness to practice law, and that said conduct is in vio-

lation of DR 1–102(A)(6) of the Code of Professional Responsibility, which states that:
(A) A lawyer shall not:

. . . . .

(6) Engage in any other conduct that adversely reflects on his fitness to practice law. Respondent–attorney, as an officer of the court, is charged with obedience to the law. He assumes a position of responsibility to the law itself, and to uphold the law, and any serious disregard of the law by him is more grave than that by a layman who breaks the law.

The Respondent's breach of the law manifests his want of fidelity to the system of lawful government.

Respondent's felonious activity may well engender disrespect from the public if such activity were to go without sanction.

Conviction by the Respondent of a serious crime, namely said felony, is such conduct that adversely reflects upon his fitness to practice law.

The Respondent, prior to the institution of the criminal charge herein, properly performed his duties as an attorney. Since the institution of criminal charges, he was discharged from his position as an attorney with the State of Alaska. He has suffered financial loss prior to and since his suspension on April 5, 1979. He admits sorrow for his actions invoking said felony, although he has a philosophical disagreement with that law. He agrees that an attorney has an obligation of public trust, but disagrees with the premise that an attorney's duty to obey the law and uphold it is any higher than any other citizen.

serves greater condemnation than if it were committed by one not obligated to adhere to high standards of honor and integrity.' *Webb v. State*, 580 P.2d 295, 304 (Alaska 1978).

Respondent's testimony repeatedly asserts that as a lawyer his duty to obey and uphold the law is no greater than that of any other citizen.

Respondent's testimony evidences that he regrets his violation of the law only because of the sanctions imposed for such violations.

Respondent's testimony evidences that he knowingly violated the law simply because respondent disagrees with the law.

The record evidences that respondent did not violate the law as an act of civil disobedience in order to effectuate changes in the law. He disregarded the law simply because he disagreed that the acts which he wanted to perform should be illegal.

The record evidences that respondent acquiesced to similar illegal conduct by a minor age 13.

.     .     .     .     .

The record evidences that Respondent's violation of the law unaccompanied by the purpose of effectuating a change in the law raises substantial doubt that he can exercise competent judgment in giving legal advice to members of the public who may seek his services as a licensed attorney.

By reasons of the foregoing, the Disciplinary Board unanimously finds that the recommendation of the Hearing Committee is inadequate .  .  .  .

As a result, they recommended that this court suspend Preston from the practice of law for two years.

Before this court Preston has made the initial contention that no discipline should be imposed against him since the offense for which he was convicted does not reflect adversely on his fitness to practice law. He also argues that the offense is not one that involves moral turpitude. In the record before the Board were numerous letters from Preston's friends and associates suggesting that his professional skill and ability to represent clients was not affected by his use and distribution of cocaine. Preston also adverts to the observations made in *State v. Erickson*, 574 P.2d 1, 7–10 (Alaska 1978), that the present state of scientific knowledge does not suggest that cocaine is more dangerous than alcohol. In light of the foregoing, Preston concluded that the criminal sanction imposed on him is sufficient and that he should not be subjected to further sanctions by way of professional discipline.

Lawyers in Alaska are held to a high standard of professional conduct. Alaska Bar Rule II–9 provides, in part:

The license to practice law in Alaska is, among other things, a continuing proclamation by the Court that the holder is fit to be entrusted with professional and judicial matters, and to aid in the administration of justice as an attorney and counselor, and as an officer of the courts. It is the duty of every member of the bar of this State to act at all times in conformity with standards imposed upon members of the Bar as conditions for the privilege to practice law. These standards include, but are not limited to, the code of professional responsibility, and the code of judicial conduct, that have been, and any that may be from time to time hereafter, adopted or recognized by the Supreme Court of Alaska.

.     .     .     .     .

Any attorney admitted to practice law in Alaska or any other attorney who appears, participates, or otherwise engages in the practice of law in this State is subject to the supervision of the Supreme Court of Alaska (hereinafter called 'the Court') and the Disciplinary Board hereinafter established.

As part of this supervision, the Supreme Court of Alaska and the Alaska Bar Association perform self–policing functions to assure that these high standards are maintained. As the Hawaii Supreme Court recently noted in *Disciplinary Board of Hawaii v. Bergan*, 592 P.2d 814, 818 (Hawaii 1979):

It is the solemn duty of this court to regulate the practice of law in this state and to see that the integrity of the profession is maintained by disciplining attorneys who indulge in practices inconsistent with the high ethical standards demanded of all members of the bar. *Disciplinary Board of the Hawaii Supreme Court v. Kim*, 59 Haw. 449, 583 P.2d 333 (1978); *People ex rel. MacFarlane v. Harthun*, Colo., 581 P.2d 716 (1978). In carrying out this duty, we will not hesitate to impose substantial sanctions upon an attorney for any act—whether committed in a professional capacity or not—which evidences want of personal honesty and integrity or renders such attorney unworthy of public confidence.

■ We reject Preston's contentions that because his conduct was unrelated to his professional skill and ability to practice law that he should receive no discipline. Preston relies upon California cases suggesting that unless the crime involves moral turpitude no discipline should be imposed. *In re Fahey*, 8 Cal.3d 842, 106 Cal.Rptr. 313, 505 P.2d 1369 (1973).[8] As bar counsel notes, the latest California Supreme Court pronouncement has rejected this position. *In re Rohan*, 21 Cal.3d 195, 145 Cal.Rptr. 855, 578 P.2d 102 (1978).[9]

■ We are not persuaded that the underlying crime must be one involving moral turpitude as a prerequisite to the imposition of disciplinary sanctions.[10] An attorney acts in a position of public trust and is an officer of the court. He has a duty to the profession and the administration of justice, especially to uphold the laws of the state in which he practices. The ABA Code of Professional Responsibility Ethical Consideration 1–5 (Final Draft 1969), provides, in part:

> Because of his position in society, even minor violations of law by a lawyer may tend to lessen public confidence in the legal profession. Obedience to law exemplifies respect for law. To lawyers especially, respect for the law should be more than a platitude.

■ The term "serious crimes" in the Alaska Bar Rules is drafted so that conviction of any felony, an offense which is punishable by imprisonment for one year or more, carries with it the possibility of the imposition of a range of disciplinary sanctions. Certain misdemeanors, dependent upon the moral turpitude of the attorney, are defined as serious crimes.[11] This different treatment accorded felony convictions is based upon the rationale that a felony conviction, standing alone, is a serious enough breach of the public trust of an attorney's position in the community that interim suspension and the imposition of disciplinary sanctions, including disbarment, are appropriate. In some states, conviction of a felony mandates automatic disbarment. *Matter of Goldman*, 124 Ariz. 105, 602 P.2d 486, 489 (1979) (en banc); *In re Hopfl*, 48 N.Y.2d 859, 424 N.Y.S.2d 350, 400 N.E.2d 292 (1979).

■ The purpose of disciplinary proceedings under the Alaska Bar Rules is not to impose criminal sanctions. As the California Supreme Court has stated, "[T]he purpose of a disciplinary proceeding is not punitive but to inquire into the fitness of the

---

8. We note that California provides for a different scheme of discipline than that provided for in Alaska. Alaska follows the ABA Standards for Lawyer Discipline and Disability Proceedings §§ 9.1–9.4 (Approved Draft 1979) in providing that conviction of a serious crime, which includes any felony, calls for the immediate suspension of the offending attorney as well as disciplinary proceedings to determine the nature and extent of discipline to be imposed. Compare the procedures noted in *In re Rohan*, 21 Cal.3d 195, 145 Cal.Rptr. 855, 857 n.3, 578 P.2d 102, 104 n.3 (1978).

9. *But see* Chief Justice Tobriner's concurrence in *Rohan*, 145 Cal.Rptr. at 859–61, 578 P.2d at 106–08.

10. Thus, we need not consider whether, by its nature or the surrounding circumstances, the conviction in this case involved moral turpitude. *See In re Kreamer*, 14 Cal.3d 524, 121 Cal.Rptr. 600, 603–04, 535 P.2d 728, 731–32 (Cal.1975).

11. *See* note 3 *supra*.

attorney to continue in that capacity to the end that the public, the courts and the legal profession itself will be protected." [12] When the conviction directly touches on the attorney's competence and ability to practice law, the interests involved are clear. In the circumstances where the conviction does not involve these interests, the integrity and reputation of the legal profession are jeopardized by "the spectre of an individual convicted of a 'serious crime' continuing to serve as an officer of the court in good standing." [13] Public confidence in the profession is detrimentally affected in such circumstances. Disciplinary Rule 1–102(A) provides, in part: "A lawyer shall not: . . (6) Engage in . . . conduct that adversely reflects on his fitness to practice law." [14] We think a felony conviction unquestionably adversely reflects upon the legal profession and the particular attorney's fitness to practice law.

█ In determining what is the appropriate disciplinary sanction to impose, we first consider the underlying criminal conviction and the relevant surrounding circumstances. ABA Standards for Lawyer Discipline and Disability Proceedings § 7.1 (Approved Draft 1979) provides:

The discipline to be imposed should depend upon the specific facts and circumstances of the case, should be fashioned in light of the purpose of lawyer discipline, and may take into account aggravating or mitigating circumstances.

Admitted into record before the Area Hearing Committee was the presentence report which was filed in the superior court in connection with the criminal prosecution against Preston. It includes the statements by witnesses that Preston did in fact give small amounts of cocaine and marijuana to the thirteen–year–old son of a friend with the permission of the boy's father. Preston refused to comment to the author of the presentence report as to his participation in these occurrences. However, at the hearing before the Area Hearing Committee, when Preston was asked if the presentence report was accurate, he said, "Yes." It is doubtful that the Area Hearing Committee considered the evidence of these two instances of criminal conduct, since there was no mention of them made in its findings. On the other hand, the Disciplinary Board did consider these dismissed charges, since they are explicitly mentioned in the portion of the Board's findings previously quoted. The difference in the recommendations by the Disciplinary Board and the Area Hearing Committee may be largely explained by the emphasis that the Disciplinary Board placed on this conduct, which it found extremely reprehensible.

█ Though not argued in the briefs before this court, Preston's counsel at oral argument raised the issue of whether this court must limit its determination of the appropriate extent of discipline solely to the conviction and not consider these dismissed charges. Bar counsel responded that he thought that this conduct, given Preston's admission and its inclusion in the record, could appropriately be considered both by the Disciplinary Board and this court as part of the totality of circumstances surrounding the underlying offense. We agree.

█ This court, while taking into consideration the findings of fact of both the Area Hearing Committee and the Disciplinary Board, must review all the circumstances surrounding Preston's felony conviction appearing in the record in order to determine the appropriate extent of the discipline which is to be imposed. Within the context of Preston's conviction for distribution of cocaine to an adult, we cannot fail to take into account the facts appearing in the record establishing that Preston also

**12.** *In re Kreamer,* 14 Cal.3d 524, 121 Cal.Rptr. 600, 605, 535 P.2d 728, 733 (Cal.1975) (citation omitted). *See also Louisiana State Bar Ass'n v. Bensabat,* 378 So.2d 380, 382 (La.1979); *State ex rel. Oklahoma Bar Ass'n v. Denton,* 598 P.2d 663, 665 (Okla.1979).

**13.** ABA Standards for Lawyer Discipline and Disability Proceedings, Commentary to § 9.2 (Approved Draft 1979).

**14.** ABA Code of Professional Responsibility, Disciplinary Rule 1–102(A) (Final Draft 1969).

engaged in conduct which provides the factual basis for additional violations of Alaska's statutory laws.[15]

The legislative penalties provided for a first conviction of giving narcotic drugs to a minor include a minimum term of imprisonment of ten years. AS 17.10.200(c). This legislative determination evinces Alaska's concern regarding the distribution of dangerous drugs to its minors. We cannot ignore that Preston's conduct has demonstrated disrespect for the legislatively enacted laws of this state.[16]

■ Such conduct we think reflects gravely on the legal profession and calls into question the public trust accorded this attorney as an officer of the court. Though the record does not suggest that Preston's conduct involved sales or distribution of the drug for profit, it is not merely the recreational use of drugs, as he contends, that is involved. Serious sanctions are appropriate when the felony offense of distribution is involved and the underlying facts show a course of conduct involving distribution to minors. But before stating the disciplinary sanction we deem fitting, we think it appropriate at this point to consider what mitigating factors appear in the record.

We agree with Preston that this conviction does not reflect on his professional ability or competence to serve his clients. Those are separate concerns. As we noted, the major concern involved here is the damage done to the reputation and integrity of the legal profession. The record suggests that Preston has otherwise been an exemplary attorney and that he is widely respected by clients, colleagues and friends. His use of these drugs and his willingness to give them to others in knowing violation of the law occurred at a time when he was emotionally suffering from the traumatic break–up of his marriage. Preston was not acting as a professional dealer or acting for profit; nor was he addicted to any drug. The distribution of the drugs to a minor was carried out in the presence and with the permission of the thirteen–year–old boy's father. Further, the overall picture conveyed by the presentence report is that "the intent of [Preston] was benign and the incidents were the result of exceedingly poor judgment."

Upon consideration of the circumstances pertaining to Preston's felony conviction and these mitigating factors, we are convinced that Preston's conduct is deserving of a disciplinary sanction. In the case at bar, suspension was originally requested by bar counsel to roughly coincide with the two–year term of Preston's probation and suspended imposition of sentence on the rationale that Preston should not practice while on felony probation.[17] We have concluded that the interests of society and the profession would best be served by suspending Preston from the practice of law for two years. It is therefore ordered that Preston's license to engage in the practice

15. An attorney may be disciplined for illegal conduct which does not result in a criminal conviction. *In re Hanratty*, 277 N.W.2d 373, 375 (Minn.1979); *Ohio State Bar Ass'n v. Weaver*, 41 Ohio St.2d 97, 322 N.E.2d 665 (1975); Annot., 76 A.L.R.3d 1028 (1977).

16. The Indiana Supreme Court in *In re Gorman*, 379 N.E.2d 970, 971–72 (Ind.1978), found criminal activity involving cocaine distribution for profit by an attorney warranted disbarment and noted:

In the present case the Respondent was convicted of possession with intent to distribute, distribution and conspiring to distribute cocaine. These are not the acts of an experimenting youth. Respondent actively engaged himself in the introduction of a controlled substance into a market place that, unfortunately, is too often occupied by children and adolescents. He intentionally set in motion, without any apparent regard for the consequences, factors which could have serious impact on other societal members. By our society, through the enactment of laws, the use, possession and sale of cocaine have been deemed unwanted and illegal acts. By his conduct, the Respondent has attempted to place himself above the law and superior to societal judgments. These acts, being committed by an attorney, are evidence of a baseness, vileness, and depravity in the social and private duties which an attorney owes to his fellowman.

17. Cf. *State ex rel. Oklahoma Bar Ass'n v. Denton*, 598 P.2d 663, 665 (Okla.1979) (discipline for possession of marijuana ordered as suspension for length of period of probation).

of law in Alaska shall be suspended for two years commencing with the date of this court's interim suspension order of April 5, 1979.

CONNOR, Justice, concurring in part and dissenting in part.

I would impose only a suspension from April 5, 1979, until the date of this opinion, which will amount to a suspension in excess of 16 months.

BURKE, Justice, concurring in part, dissenting in part.

I concur in the opinion of my colleagues, except as to the measure of discipline that should be imposed. I would order Mr. Preston disbarred. His intentional and knowing disregard of the law he was sworn to uphold, both as an assistant attorney general and a member of the bar, demonstrates that he lacks fit character to practice law in Alaska.