**In the Matter of Attorney George VOGT.**

**No. 5699.**

Supreme Court of Alaska.

April 2, 1982.

---

C. R. Kennelly, Anchorage, for respondent.

Donald M. Johnson, Anchorage, for Alaska Bar Ass'n.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND,* Senior Justice.

## OPINION

PER CURIAM.

Attorney George Vogt was convicted on his plea of nolo contendere to two counts of failing to file a state income tax return. This crime is a misdemeanor under AS 43.-20.335(c).[1] Under Alaska Bar Rule 23(a) this court is required to suspend an attor-

ney forthwith upon receipt of a certificate demonstrating that the attorney has been convicted of a serious crime.[2] Marvin S. Frankel, Bar counsel for the Alaska Bar Association, transmitted such a certificate respecting Vogt's convictions. We thereupon entered an order requiring the Bar Association and Vogt to brief the question whether Vogt's convictions were serious crimes within the meaning of Bar Rule 23. Both parties have filed briefs, both of which take the position that the convictions are not serious crimes. We agree.

Bar Rule 23(b) defines a serious crime. It states:

(b) The term "serious crime" shall include any crime which is or would be a felony in the state of Alaska and shall also include any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime, involves conduct as an attorney, interference with the administration of justice, false swearing, misrepresentation, fraud, deceit, bribery, corruption, extortion, misappropriation, theft, or an attempt or a conspiracy or solicitation of another to commit a "serious crime."

Prior to Vogt's conviction, Rule 23(b) contained language enumerating the willful failure to file income tax returns as a serious crime. This language was deleted by the Board of Governors, and the deletion was approved by this court pursuant to Supreme Court Order No. 345 effective April 1, 1979. This amendment can only be read as indicating that the crime of willful failure to file an income tax return was not meant to be encompassed within the term "serious crime" in Bar Rule 23.[3]

---

* Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. Repealed by Ch. 113, § 46, SLA 1980. AS 43.05.290(c) (1980 Cum.Supp.) contains substantially the same language as AS 43.20.-335(c).

2. Alaska Bar Rule 23(a) provides:

Upon the filing with the court of a certificate demonstrating an attorney has been convicted of a serious crime as hereinafter defined, the court shall enter an order imme-

diately suspending the attorney, whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial or otherwise, and regardless of the pendency of an appeal, pending final disposition of a disciplinary proceeding to be commenced upon such conviction.

3. As so interpreted the amendment is consistent with those court decisions which have held that conviction of willful failure to file an income tax return does not necessarily involve moral turpitude, a disciplinary prerequisite. *In re Fahey*, 8 Cal.3d 842, 106 Cal.Rptr. 313, 505

Subsection (e) of Rule 23 provides that this court, upon receipt of a certificate of a conviction of an attorney for a crime which is not a serious crime shall refer the matter to the Board of Governors for whatever action it may deem appropriate.[4] We shall make such a reference in this case.

COMPTOM, J., not participating.

P.2d 1369, 1370 (1973); *Matter of Cochrane*, 92 Nev. 253, 549 P.2d 328, 329 (Nev.1976); *Kentucky State Bar Ass'n v. McAfee*, 301 S.W.2d 899 (Ky.1957); *Cincinnati Bar Ass'n v. Leroux*, 16 Ohio St.2d 10, 242 N.E.2d 347 (1968); *In re Corcoran*, 337 P.2d 307, 215 Or. 660, (1959); *In re Molthan*, 52 Wash.2d 560, 327 P.2d 427 (1958); *In re Weisensee*, 88 S.D. 544, 224 N.W.2d 830 (1975). There are, however, contrary authorities. *In re Bass*, 49 Ill.2d 269, 274 N.E.2d 6 (1971); *Rheb v. Bar Ass'n of Baltimore City*, 186 Md. 200, 46 A.2d 289 (1946); *In re MacLeod*, 479 S.W.2d 443 (Mo.1972); *State ex rel. Nebraska State Bar Ass'n v. Tibbels*, 167 Neb. 247, 92 N.W.2d 546 (1958); *State Board of Law Examiners v. Holland*, 494 P.2d 196 (Wyo. 1972).

4. Alaska Bar Rule 23(e) provides:

Upon receipt of a certificate of an attorney for a crime not constituting a serious crime, the court shall refer the matter to the board for whatever action it may deem warranted, including the institution of a formal proceeding before a hearing committee in the appropriate disciplinary area, provided, however, that the court may in its discretion make no reference with respect to conviction for minor offenses.