◼ In the Matter of J. JOSEPH NASH, JR., Petitioner, v. RICHARD E. STEWART, as Superintendent of Insurance of the State of New York, Respondent.— *Per Curiam.* Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Superintendent of Insurance denying, after a hearing, petitioner's application for an insurance broker's license pursuant to section 119 of the Insurance Law and his application for an agent's license pursuant to section 113 of the Insurance Law. As we recently stated in *Matter of Russell* v. *Stewart* (30 A D 2d 749), "The Superintendent of Insurance pursuant to the sections of the Insurance Law here involved is given wide discretion in licensing insurance brokers and agents (*Matter of Koster* v. *Holz,* 3 N Y 2d 639, 647–648), and thus if the Superintendent's determination is supported by substantial evidence it must be affirmed (*Matter of Lynch's Bldrs. Restaurant* v. *O'Connell,* 303 N. Y. 408)." There is no question that petitioner's record for the 18 years between 1932 and 1950, during which period he was

in constant financial and legal difficulty and his license was twice revoked, would more than support the Superintendent's determination. The petitioner urges, however, that since all of these offenses occurred over 17 years ago, and since in the intervening years he has exhibited exemplary character, the Superintendent is not justified in denying him a license on the basis thereof. It is true that in our society redemption for those who have once erred is not precluded and that here, since his license was revoked in June of 1950 and he took employment with the General Electric Company in various production jobs, petitioner's record is unblemished and his standing in the community apparently restored. However, the Superintendent clearly considered petitioner's subsequent record and he, nevertheless, found that it was outweighed by his prior transgressions. Such a finding is factual and, accordingly, since we cannot say that the Superintendent could not have rendered such a conclusion, his determination must be affirmed. Petitioner's duties and responsibilities for General Electric, and as a mutual fund salesman undertaken subsequent to his retirement from General Electric, are distinct from those of a licensed insurance broker or agent. Determination confirmed, without costs, and petition dismissed. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum *Per Curiam.*