## THIRD DEPARTMENT, MARCH, 1982

## (March 1, 1982)

■ In the Matter of RICHARD A. NULLE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the New York Bar in this department in 1965 and thereafter practiced in Arizona. In December, 1980, he was suspended from the practice of law in Arizona for a period of six months. In this proceeding, petitioner Committee on Professional Standards seeks an order imposing appropriate discipline based upon the determination of the Arizona Supreme Court and the underlying misconduct committed in the State of Arizona. The Arizona court found respondent guilty of unprofessional conduct in that he had advised the president of a corporate client to complete a false liquor license application by misrepresenting himself as sole owner of the corporation and that, in doing so, respondent effectively advised his client to file a false application in violation of an Arizona statute. The Arizona court also found that respondent used confidential information to his own advantage, without his clients' consent, by inducing one Greer to sell him an option to purchase

50% interest in a corporation at a time when respondent was acting as attorney for both the corporation and two of its principal shareholders. (*Matter of Nulle,* 127 Ariz 299.) In his answer, respondent challenges the findings of the Arizona Supreme Court, advancing the same arguments that were rejected by that court. Although we are not bound to give full faith and credit to the Arizona disciplinary judgment, the disciplinary judgment of a sister State is, unless good reason to the contrary is shown, entitled to high respect. (*Matter of Kimball,* 40 AD2d 252, 254, revd on other grounds 33 NY2d 586; *Matter of Kaufman,* 81 NJ 300; Disbarment or Suspension in Other State, Ann., 81 ALR3d 1281.) Respondent's grounds for rejecting the Arizona court's determination, in our opinion, are lacking in merit. Inasmuch as the purpose of disciplining a lawyer for professional misconduct committed in another State is to protect the public and to preserve public confidence in the legal profession, that end will be met by imposing the same punishment upon respondent in this State as was imposed in Arizona. Accordingly, respondent shall be suspended for a period of six months and until further order of the court, the period of suspension to correspond with the period of suspension imposed by the Supreme Court of Arizona. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.