◼ In the Matter of EDMUND L. BARTHOLOMEW, Petitioner, v STATE OF NEW YORK INSURANCE DEPARTMENT et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Insurance Department which denied petitioner's application for a license as an insurance broker. After a hearing held on February 25, 1981, petitioner's application for an insurance broker's license was denied. In this proceeding, he complains that this determination blindly followed the previous denial of a similar application by the Insurance Department of the State of California, and collaterally estopped him from presenting evidence which would justify the granting of a license here. In fact, the five specifications which formed the basis of the hearing held in New York were taken almost literally from the prior hearing held in California. Among these specifications was an allegation that petitioner diverted previous trust funds in the approximate amount of $200,000 from Bartholomew, Ltd. (an insurance company formed by petitioner in 1961 and of which, at the time of the diversion, he was the president and his wife and he were two of the three directors) to another company called Members (of which he was a director) in order to inflate artificially the surplus of Members and avoid the termination of its business when it was statutorily insolvent. Additionally, petitioner was charged with allowing Bartholomew, Ltd., to become general managing agent of Members, which ultimately became insolvent, and that the diversion of the funds from Bartholomew caused its

bankruptcy and left debts of a fiduciary nature unpaid. It was alleged that these actions by petitioner violated California law. The California decision further stated that while Bartholomew, Ltd., was under the direction and control of petitioner, it failed to remit $260,638.25 of premiums received in a fiduciary capacity and diverted them to that company's own use and benefit, also in violation of California law. In the decision in New York, the hearing officer held that: "by virtue of the rule of collateral estoppel the applicant, who participated in the California hearing which ran for three days and was represented by counsel, is bound by the findings of fact as rendered by the Administrative Law Judge in his decision." Petitioner contends that this holding estopped him from showing in New York that the findings of fact in California were incorrect. However, petitioner presented no reasons to look behind the factual findings of the California hearing. Furthermore, petitioner is incorrect in his claim that the full faith and credit clause of the Federal Constitution does not apply to administrative determinations (see 2 Am Jur 2d, Administrative Law, § 505, p 316; see, also, Siegel, NY Prac, § 456, pp 603-604) where the parties have been given notice of the administrative hearings, afforded an opportunity to be heard and the hearings are "judicial" in nature (*Atlas Credit Corp. v Ezrine,* 25 NY2d 219, 229-230). Affording the California decision no more effect than that it found petitioner to be "untrustworthy" for the manner in which he manipulated his insurance companies in 1976 in violation of California law, which precluded the granting of his insurance broker's license then and there, that finding supplies the substantial evidence of such character deficiency to support the administrative denial of such a license here and now (see *Matter of Nash v Stewart,* 31 AD2d 564, mot for lv to app den 23 NY2d 643), particularly since petitioner was given ample opportunity at a hearing to dispute the California finding and offered no good reason not to credit such a finding (see *Matter of Nulle,* 87 AD2d 657). Petitioner's final contention that section 119 of the Insurance Law is unconstitutionally vague is without merit, for a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him (*Matter of Pomeroy v Whalen,* 44 NY2d 992). This test does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding (*Matter of Gold v Lomenzo,* 29 NY2d 468). The determination should, therefore, be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.