■ In the Matter of SOL Z. ROSEN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — The Committee on Professional Standards filed a petition of charges against respondent, a District of Columbia attorney admitted to the New York Bar on motion in this Department in September, 1980, charging him with certain acts of misconduct which resulted in his being disciplined by the District of Columbia Court of Appeals in December, 1983.

According to the petition, respondent was found guilty of misconduct in the District of Columbia arising out of his conduct in the cases of two indigent criminal defendants in the Superior Court in that jurisdiction. In the first case, respondent was found to have failed to seek his client's pretrial release, failed to communicate with his client, failed to conduct meaningful discovery of his client's case, and failed adequately to prepare his client for the plea discussion. As a result of this conduct, respondent was determined to have neglected the client's case in violation of DR 6-101 (A) (3) and to have intentionally failed to seek the lawful objectives of the client in violation of DR 7-101 (A) (1). In the other case, it was found that respondent communicated the nature of the defendant's defense to an Assistant

United States Attorney without the defendant's permission and although he had not yet been retained by the defendant. As a result of this conduct, it was determined that respondent had knowingly revealed the confidences of a client in violation of DR 4-101 (B) (1). A six-month suspension was imposed by the court after it noted that respondent had been disciplined on two prior occasions.

In his answer to the petition, respondent admits the conduct charged and also admits that he was suspended for six months by the District of Columbia Court of Appeals.

Under the circumstances presented, and cognizant that the purpose of disciplining a lawyer for professional misconduct committed in another State is to protect the public and to preserve public confidence in the legal profession (*Matter of Nulle,* 87 AD2d 657, 658), we conclude that the ends of justice will be met in this case by imposing the same punishment upon respondent in this State as was imposed in the District of Columbia.

Accordingly, respondent shall be suspended for six months and until further order of the court, the period of suspension to correspond with the period of suspension imposed by the District of Columbia Court of Appeals. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.