■ In the Matter of SOL Z. ROSEN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent is a District of Columbia attorney who was admitted to the New York Bar on motion in this Department in September 1980. By order of this court entered November 26, 1984, respondent was suspended from practice for six months and until further order of the court in view of certain acts of misconduct which resulted in his being disciplined by the District of Columbia Court of Appeals in 1983 *(see, Matter of Rosen,* 105 AD2d 1009). Respondent has not applied for reinstatement and remains suspended pursuant to this order.

In the instant disciplinary proceeding, petitioner charges respondent with two counts of misconduct. Charge I alleges, in essence, that respondent made a false statement in a February 5, 1982 affirmation submitted in connection with his application for admission to the Maryland Bar. Charge II alleges that during 1980, respondent, on three occasions, made false statements in various pleadings submitted to the courts of the District of Columbia. It is also alleged in charge II that in 1984 respondent was found guilty of the misconduct set forth in that charge by the District of Columbia Court of Appeals and was, as a result, suspended for 30 days in that jurisdiction.

In his answer with respect to charge I, respondent admits

having made the statement in question in the affirmation submitted to the Maryland Bar authorities. However, he denies that his conduct "was in any way wilful, intentional or knowing" and states that he merely misunderstood the question on the form and at no time intended to deceive the Maryland Bar authorities. Respondent further states that the making of the alleged false statement to the Maryland authorities is the subject of a disciplinary proceeding presently pending against him in the District of Columbia. Finally, respondent's answer admits the factual basis of charge II which he notes was the subject of a prior disciplinary proceeding in the District of Columbia.

Petitioner now moves for an order declaring that no factual issues are presented and fixing a time at which respondent may be heard in mitigation or otherwise (see, 22 NYCRR 806.5).

In view of respondent's averment that the false statement in the Maryland admissions application was not knowingly made or made with intent to deceive the admitting authority, petitioner's motion for summary judgment as to charge I must be denied since factual issues would appear to be present. We would further observe that since the facts underlying this charge are the subject of a pending disciplinary proceeding against respondent in the District of Columbia, it would be advisable in the interest of judicial economy to await the disposition of that proceeding before further action is taken in this State with respect to the charge I.

Respondent having admitted the substance of charge II, petitioner's motion for judgment with regard to that charge is granted.

Respondent's current suspension is continued pending disposition of the disciplinary proceeding in the District of Columbia and until further order of this court. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.