■ In the Matter of LEON NIGOHOSIAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—The Committee on Professional Standards commenced this disciplinary proceeding against respondent, a New Jersey attorney admitted to the New York Bar in this department in December 1967, charging him with certain acts of professional misconduct committed in New Jersey which resulted in his being disciplined in that jurisdiction in February 1982.

The petition alleges that respondent was guilty of professional misconduct in his representation of two clients, Stoecker and Tuncay, and that, as a result of this misconduct, he was suspended from practice in New Jersey for six months.

Briefly, in the Stoecker matter, respondent was found guilty by the New Jersey disciplinary authorities of failing to advise the court and opposing counsel of his client's conveyance of certain real property which was the subject of a stipulation of settlement which respondent was then attempting to set aside. The settlement contained a provision requiring respondent's client, who was the defendant in a proceeding brought in the New Jersey Superior Court on a lease agreement and note, to give a mortgage on the subject property if a sum of money was not paid by a stated date. It was further found that by arranging the conveyance of property subject to a stipulation, respondent made himself a party to subversion of that stipulation.

In the Tuncay matter, respondent was retained to represent his client in obtaining a lease for the operation of a service station in Leonia, New Jersey. When the lease negotiations fell through, respondent participated personally in the purchase of the subject premises along with his client's business partner. He neither advised his client of his personal participation in the deal nor obtained his consent. Respondent then proceeded to correspond directly with the client, who was then represented by another attorney, threatening him with removal from the premises unless rent arrearages were paid. As a result of this conduct, the New Jersey disciplinary authori-

ties concluded that respondent acted improperly in purchasing the service station without notice to or consent by the client, that he utilized information obtained through an attorney-client relationship to that client's disadvantage and that he improperly communicated directly with the client rather than with counsel in violation of various disciplinary rules.

After considering the Stoecker and Tuncay matters, the New Jersey Disciplinary Review Board recommended that respondent be publicly reprimanded for his misconduct. The matter then went to the New Jersey Supreme Court for consideration of the Board's recommendation. After examining the record, the court agreed with the Board's factual findings but entertained a different view with respect to the appropriate discipline.

In its decision, the court stated as follows: "In the *Stoecker* matter respondent has been found wanting in elemental condor with the court * * * candor called for not as a matter of courtesy but as an integral ingredient of a professional obligation. In the *Tuncay* transaction respondent was blind to a conflict that resulted in his threatening to dispossess his former client from the very property with respect to which he had formally represented that client. These derelictions are an affront to the integrity that lies at the heart of the administration of justice * * * the appropriate discipline under the circumstances is suspension from the practice of law for six months." *(Matter of Nigohosian,* 88 NJ 308, 442 A2d 1007, 1011 [1982].)

In his answer to the petition, respondent denies that he has been guilty of professional misconduct or conduct prejudicial to the administration of justice and further denies that his conduct has been such as to bring the legal profession into disfavor and disrepute. Following the filing of respondent's answer, petitioner moved for an order pursuant to section 806.5 of the court's rules (22 NYCRR 806.5) declaring that no factual issues are raised by the pleadings and fixing a time at which respondent could be heard in mitigation or otherwise. Petitioner's motion was granted and respondent submitted a written statement in mitigation.

Under the circumstances presented, and after review of the record of the disciplinary proceedings had in New Jersey, we conclude that the findings of misconduct made by the Supreme Court of that State will be accepted by this court in the instant proceeding *(see,* 22 NYCRR 806.19 [c]; *see also, Matter of Nulle,* 87 AD2d 657). We further conclude that the ends of

justice will be met by imposing the same punishment upon respondent in this State as was imposed in the State of New Jersey *(see, e.g., Matter of Rosen,* 105 AD2d 1009).

Accordingly, respondent shall be suspended for six months and until further order of the court, the period of suspension to correspond with the period of suspension imposed by the New Jersey Supreme Court. Respondent may apply for reinstatement upon furnishing satisfactory proof that he has been reinstated as a member of the New Jersey Bar and has otherwise complied with the requirements of section 806.12 of this court's rules (22 NYCRR 806.12). Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.