(January 30, 1987)

■ In the Matter of LEE LANDESBERG, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Respondent is a District of Columbia attorney who was admitted to the New York Bar in this Department in 1980. Petitioner Committee on Professional Standards has applied to this court, pursuant to section 806.19 of the rules governing conduct of attorneys (22 NYCRR

806.19), to discipline respondent on account of acts of professional misconduct committed in the District of Columbia which resulted in his being suspended for 60 days in that jurisdiction in August 1986.

Briefly stated, it appears that following disciplinary proceedings before a hearing committee and the Board of Professional Responsibility, the District of Columbia Court of Appeals found respondent guilty of neglecting a case (DR 6-101 [A] [3]), making misrepresentations to a client (DR 1-102 [A] [4]), failing to return an unearned fee (DR 2-106 [A]) and refusing to return the client's case file (DR 9-103 [B] [4]).* All of the charges against respondent arose out of his representation of one client on an appeal from an adverse paternity determination. Specifically, it was determined that respondent neglected the appeal by, *inter alia,* failing to notify the court and his client of his change of address with the result that he failed to receive notice of an order to show cause from the court seeking to dismiss the appeal. Upon respondent's default, the appeal was dismissed. It was also determined that respondent misled the client to believe that his law firm and not he personally would represent the client, and that he failed to return an unearned fee in the amount of $900. Finally, it was found that respondent refused to turn the file over to the client after having been specifically requested to do so.

Based upon these findings, and after observing that respondent had previously been disciplined for neglect, the District of Columbia Court of Appeals suspended respondent for 60 days and ordered him to repay to the client the sum of $1,200 (the unearned fee plus $300 interest).

In light of the foregoing, and having examined the entire record before us, we conclude that the findings of misconduct made by the District of Columbia Court of Appeals will be accepted by this court in this proceeding *(see,* 22 NYCRR 806.19 [c]; *see also, Matter of Nigohosian,* 121 AD2d 845; *Matter of Nulle,* 87 AD2d 657). Further, it is our opinion that the ends of justice will be served by imposing the same punishment upon respondent in this State as was imposed in the District of Columbia *(see, Matter of Nigohosian, supra; Matter of Rosen,* 105 AD2d 1009).

Respondent is hereby suspended for 60 days and until further order of this court, the period of suspension to correspond with the period of suspension imposed in the District of

---

* In New York, this section of the Code of Professional Responsibility is numbered DR 9-102 (B) (4).

Columbia. Respondent may apply for reinstatement upon furnishing satisfactory proof that he has been reinstated as a member of the District of Columbia Bar, has repaid his client as ordered by the District of Columbia Court of Appeals and has otherwise complied with the requirements of section 806.12 of this court's rules (22 NYCRR 806.12). Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.