(May 23, 1988)

■ In the Matter of JEFFREY S. FELDMAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam.

Respondent was charged in New Jersey with knowingly misappropriating client trust funds during the period March 1, 1984 through February 28, 1985. Thereafter, on December 3, 1987, respondent executed a disbarment by consent form and a waiver of counsel form. Based upon his consent to disbarment and by order dated December 14, 1987, the Supreme Court of New Jersey disbarred respondent, effective December 30, 1987.

In response to petitioner's present application to discipline him in this State, respondent submits a statement requesting this court to postpone any action against him until he is able to challenge the New Jersey disciplinary proceeding in that State. The allegations that respondent plans to advance in New Jersey in arguing the infirmity of the disbarment there are, in our view, contentions that should be resolved in that State and not in the context of the instant disciplinary proceeding before this court. Because such arguments do not concern due process violations, lack of proof or a contention that the imposition of discipline in this State would be unjust, and having examined the entire record before us, we conclude that the disbarment by consent order made by the Supreme Court of New Jersey will be recognized by this court in this proceeding *(see,* 22 NYCRR 806.19 [c]; *see also, Matter of*

*Nigohosian,* 121 AD2d 845; *Matter of Nulle,* 87 AD2d 657). We are of the opinion that the ends of justice will best be served by imposing upon respondent the same punishment in this State as was imposed in New Jersey *(see, Matter of Landesberg,* 126 AD2d 933; *Matter of Nigohosian, supra).* If respondent's proposed challenge to the New Jersey disbarment is ultimately successful, he will be free to apply to this court for relief from the order of discipline to be entered upon this decision.

Respondent ordered disbarred as an attorney and counselor-at-law in the State of New York, effective immediately. Mahoney, P. J., Mikoll, Levine, Harvey and Mercure, JJ., concur.