(October 4, 1988)

■ In the Matter of MARY E. GERISCH, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent, a Michigan attorney, was admitted to the New York Bar in this department in 1987. Petitioner Committee on Professional Standards makes application to this court, pursuant to section 806.19 of the rules governing conduct of attorneys (22 NYCRR 806.19), to discipline respondent based upon her having been disciplined by Michigan authorities for certain acts of professional misconduct committed in that State. The disciplinary proceedings in Michigan resulted in the revocation of respondent's license in that jurisdiction, effective May 20, 1988.

Respondent was charged in Michigan with permitting a client's action to be dismissed by stipulation without his consent, with misleading the client by informing him that his case had been settled for $3,226, with drawing a check in favor of the client in the amount of the client's share of the alleged settlement proceeds at a time when there were insufficient funds in her account to cover such check, and with giving false information to the Michigan authorities who were investigating the matter. Respondent failed to respond to the charges against her in Michigan and, further, failed to appear at a hearing on the matter. Consequently, respondent was found guilty of the charges and ultimately had her license to practice law revoked.

After examining the entire record before us, we accept the finding of professional misconduct made by Michigan authorities (see, 22 NYCRR 806.19 [c]; *Matter of Landesberg*, 126 AD2d 933; *Matter of Nigohosian*, 121 AD2d 845). We note that, just as respondent failed to answer the charges against her in Michigan, she has also failed to answer the instant

application before this court. We are of the opinion that justice will be served by imposing upon respondent the same punishment in this State as was imposed in Michigan *(see, supra)*.

Respondent ordered disbarred as an attorney and counselor-at-law in the State of New York, effective immediately. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.