(July 14, 1998)

■ In the Matter of JEFFREY S. FELDMAN, an Attorney and Counselor-at-Law. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner; JEFFREY S. FELDMAN, Respondent. [675 NYS2d 675] —Per Curiam. This Court reciprocally disbarred respondent in 1988 (*Matter of Feldman*, 140 AD2d 880) and denied his application for reinstatement seven years later on the ground he had failed to demonstrate by clear and convincing evidence that he possessed the character and general fitness to resume the practice of law (*Matter of Feldman*, 217 AD2d 851, *reconsideration denied* 225 AD2d 809). He now reapplies for reinstatement, which reapplication is opposed by petitioner, the Committee on Professional Standards.

In 1987, upon a charge of serious professional misconduct, i.e., knowing misappropriation of client trust funds over a two-year period, respondent was permanently disbarred by the Supreme Court of New Jersey. In 1995, that court denied respondent's motion to set aside his disbarment and also denied his motion for reconsideration. Given such circumstances, and on the record before us, we again conclude that respondent has not demonstrated by clear and convincing evidence that he possesses the character and fitness to resume the practice of law (*see*, 22 NYCRR 806.12 [b]; *see also*, ABA Standards for Imposing Lawyer Sanctions [Feb. 1986], 2.10 Readmission and Reinstatement, Commentary, at 24).

We note that contrary to petitioner's suggestion, our discretion to reinstate an attorney who has been reciprocally suspended or disbarred is not dependent upon the attorney's reinstatement in the jurisdiction which originally imposed discipline. Nor is it dependent upon passage of the New York State Bar examination, if the reciprocally disciplined attorney was first admitted in this State on motion without examination.

Cardona, P. J., Mercure, Crew III, Peters, and Spain, JJ., concur. Ordered that respondent's reapplication for reinstatement is denied.