■ In the Matter of HAL S. HERMAN, Petitioner, v GREGORY V. SERIO, as Superintendent of Insurance of the State of New York, Respondent. [813 NYS2d 256]—

Rose, J. Proceeding pursuant to CPLR article 78 (transferred

to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Insurance which, inter alia, revoked petitioner's insurance license.

When petitioner applied to renew his license as an insurance agent in 2001, he disclosed that the American Stock Exchange (hereinafter ASE) had barred him from further employment on its floor in 1999. Upon this disclosure, respondent sought further information and ultimately brought an administrative proceeding to revoke petitioner's license and deny his application for renewal. After a hearing, the hearing officer found that petitioner had engaged in securities violations and "used fraudulent and dishonest practices . . . within the meaning of Section 2110 (a) (4) (A) and (C) of the Insurance Law." Respondent then adopted the hearing officer's findings and recommendation of license revocation, and this CPLR article 78 proceeding ensued.

While conceding his past errors, petitioner contends that evidence of his misconduct in the securities industry fails to demonstrate that he is untrustworthy to act as an insurance agent. We cannot agree. Respondent has wide discretion, and we will defer to his special expertise unless the resulting decision is irrational or runs counter to statutory language (*see Matter of Medical Malpractice Ins. Assn. v Superintendent of Ins. of State of N.Y.*, 72 NY2d 753, 762-763 [1988], *cert denied* 490 US 1080 [1989]; *Matter of Nash v Stewart*, 31 AD2d 564, 564 [1968], *lv denied* 23 NY2d 643 [1969]). This discretion extends to the determination of what constitutes untrustworthy conduct (*see Matter of Gold v Lomenzo*, 29 NY2d 468, 476-477 [1972]). Here, the administrative citation charged that petitioner had violated ASE rules on several occasions by knowingly inputting false information, making intentional misstatements and omissions, concealing errors and effectuating securities trades without authorization. As a result of this misconduct, petitioner was first sanctioned by a fine and a five-year suspension, and later barred permanently from the ASE, a determination sustained by the Securities and Exchange Commission in 2001. Given the evidence presented concerning this misconduct and petitioner's admissions, respondent's conclusion that petitioner had breached his fiduciary duties and had been untrustworthy is supported by substantial evidence in the record (*see e.g. Matter of Dona v Levin*, 263 AD2d 602, 603-604 [1999]).

Petitioner also argues that the penalty of license revocation was excessive in light of his own disclosure of the ASE discipline and the lesser punishments imposed on other licensees for

worse misconduct. Again, we must disagree. The penalty imposed on petitioner was not so disproportionate to his offenses as to shock our sense of fairness (*see Matter of Kelly v Safir*, 96 NY2d 32, 39-40 [2001]), and the allegation that others may have received lesser penalties does not warrant modification (*see Matter of Pietranico v Ambach*, 82 AD2d 625, 627 [1981], *affd* 55 NY2d 861 [1982]).

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.