■ In the Matter of BURTON BORKAN, Petitioner, v STATE OF NEW YORK et al., Respondents. [868 NYS2d 651]—

Substantial evidence supporting the determination includes petitioner's stipulation agreeing to, inter alia, the dissolution of a not-for-profit corporation that he purportedly ran for the purpose of preventing cruelty to children, in settlement of an action brought by the Attorney General against the corporation alleging, according to the stipulation, that petitioner, inter alia, engaged in conduct that gave the false impression that the corporation was a police department or other agency of the State. The evidence also includes a press release issued by the Attorney General's office announcing the stipulation and stating, inter alia, that the corporation did not engage in any legitimate child protective work yet solicited contributions as if it did, and that petitioner distributed badges, identification cards and parking placards to the corporation's members that misused the State's seal and name. It does not avail petitioner that the stipulation recites that it is not an admission of liability—surely a reasonable person could accept the stipulation and press release as adequate to support the conclusion that petitioner does not have the good character and integrity required of private investigators (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). No basis exists to disturb the Administrative Law Judge's findings discrediting petitioner's testimony that he did not engage in the wrongdoing recited in the stipulation and press release (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). The penalty of denial of license renewal does not shock our sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Concur—Mazzarelli, J.P., Friedman, Gonzalez, Buckley and Sweeny, JJ.