■ In the Matter of SCOTT BERNSTEIN, Petitioner, v DEPARTMENT OF STATE, DIVISION OF LICENSING SERVICES, Respondent. [946 NYS2d 689]—

---

McCarthy, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court entered in Albany County) to review a determination of the Secretary of State which, among other things, revoked petitioner's private investigator license.

Petitioner is a private investigator who was first licensed by respondent in 1991. In 2005, respondent initiated a disciplinary proceeding against petitioner based on his criminal convictions in California and Rockland County and his improper billing of a client. An Administrative Law Judge (hereinafter ALJ) dismissed some of the allegations, found others established and imposed a fine. In 2006, petitioner timely applied for renewal of his license.* In 2007, respondent notified petitioner that it planned to deny his renewal application. Respondent also filed another disciplinary complaint against petitioner raising the prior allegations from the 2005 complaint as well as allegations stemming from petitioner's improper and fraudulent billing of a prospective client, Paul Knoeffler.

At a hearing concerning the disciplinary complaint and the denial of petitioner's renewal application, the ALJ reserved on petitioner's motion to dismiss the complaint based upon res judicata, collateral estoppel and laches. Following the hearing, the ALJ issued a decision dismissing the charges that were decided in the 2005 proceeding, finding that petitioner violated a regulation and fraudulently billed Knoeffler, revoking petitioner's license and denying the application for renewal of his license. The Secretary of State upheld the ALJ's decision, prompting petitioner to commence this proceeding challenging the Secretary's determination.

The ALJ and Secretary did not err in relation to procedural rulings. Petitioner stated in his memorandum filed with the ALJ that he was not alleging that res judicata or collateral estoppel barred the charges related to Knoeffler. We will not now entertain petitioner's contrary argument, because issues not raised at the administrative hearing level are unpreserved for consideration on administrative appeal or by the court on judicial review (see Matter of Reese v Bezio, 75 AD3d 1029, 1030

---

* If a licensee submits a timely renewal application, the existing license does not expire until respondent makes a final determination on that application (see State Administrative Procedure Act § 401 [2]). Under this provision, petitioner's license remained in effect while these administrative proceedings were pending.

[2010]; *Matter of Karay Rest. Corp. v Tax Appeals Trib.,* 274 AD2d 854, 856 [2000], *lv denied* 96 NY2d 702 [2001]).

The Knoeffler charges were not barred by the doctrine of laches. Although petitioner asserts that respondent did not file the charges until three years after Knoeffler first complained, Knoeffler filed a second complaint only 15 months prior to the filing of charges. Petitioner did not testify at the hearing, which would have allowed him to display his inability to recall his interactions with Knoeffler. Instead, petitioner submitted an affidavit generically asserting a lack of memory due to the passage of time. These assertions, however, contradict a letter that petitioner sent to respondent in 2004, shortly after being notified of Knoeffler's first complaint, wherein petitioner explained in detail those interactions and why this encounter was unusual, making it memorable. Thus, the ALJ and Secretary did not err in finding that petitioner failed to establish the defense of laches because he did not show a lack of notice, his license remained valid the entire time, and he did not prove any prejudice due to the passage of time (*see Matter of Lawrence v DeBuono,* 251 AD2d 700, 701 [1998]; *Matter of Rojas v Sobol,* 167 AD2d 707, 708 [1990], *lv denied* 77 NY2d 806 [1991]; *see also Matter of Kuhn v Town of Johnstown,* 248 AD2d 828, 830 [1998]).

The ALJ's decision to not grant petitioner an adjournment did not deprive him of due process. Pursuant to regulation, an ALJ confronted with a motion to dismiss may either grant the motion, deny it and continue with the hearing, or reserve decision and continue with the hearing (*see* 19 NYCRR 400.6 [a]). The ALJ did not err by selecting an available option, to reserve decision and continue without an adjournment. Additionally, the ALJ previously limited the scope of evidence concerning charges included in the 2005 proceeding and told petitioner that those limits would apply during his testimony. Petitioner was sworn in but, after consulting with counsel, chose not to testify. The ALJ confirmed that the hearing would not reopen after he decided the motion to dismiss, and that this was petitioner's sole opportunity to present evidence. Under these circumstances, the ALJ did not violate petitioner's due process rights.

The Secretary's determination was supported by substantial evidence. Respondent is responsible for disciplining licensees who, among other things, violate applicable regulations or whose actions demonstrate incompetence or untrustworthiness (*see* General Business Law § 79 [1] [a], [d]). Respondent is vested with wide discretion in determining what conduct reflects untrustworthiness (*see Matter of Butterly & Green v Lomenzo,* 36 NY2d 250, 256 [1975]; *Matter of Gold v Lomenzo,* 29 NY2d

468, 476-477 [1972]). Knoeffler testified, as confirmed by a copy of a proposed contract, that petitioner faxed him an unsigned contract that did not include an advanced statement of the services and charges to be rendered, contrary to a regulation (see 19 NYCRR 173.1). Knoeffler also testified that, when he told petitioner he was not interested in retaining petitioner's services, petitioner threatened to go to court and tell the judge unkind things about Knoeffler. Petitioner also sent him a bill, despite Knoeffler having refused to sign the contract, fraudulently charging Knoeffler for services that were not agreed to or performed. The bill stated that, if payment was not made within 15 days, petitioner would "proceed with civil and criminal prosecution." Petitioner later sent Knoeffler a second bill demanding payment for an unpaid balance almost twice as high as that listed in the first bill, without any explanation. As the ALJ noted, this conduct was "predatory" and evinced "extreme untrustworthiness." Considering petitioner's conduct related to these charges and his prior disciplinary history, the penalty of license revocation was not disproportionate and does not shock the conscience (see Matter of Kelly v Safir, 96 NY2d 32, 39-40 [2001]; Matter of Anghel v Daines, 86 AD3d 869, 875-876 [2011]; Matter of Herman v Serio, 28 AD3d 909, 910 [2006]).

Based on the same evidence and petitioner's failure to present any evidence at the hearing, the Secretary did not err in determining that petitioner failed to meet his burden of proving that he was entitled to renewal of his license (see Matter of Hughes v Shaffer, 154 AD2d 467, 468 [1989]; see also State Administrative Procedure Act § 306 [1] [placing burden of proof on party who initiated the proceeding]; Matter of Borkan v State of New York, 57 AD3d 245, 246 [2008]).

Peters, P.J., Mercure, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

