### *In re* MURRAY.

(*Supreme Court, General Term, First Department.*   October 24, 1890.)

ATTORNEY AND CLIENT—MISCONDUCT AND DISBARMENT—WRONGFUL CHARGES AGAINST
JUDGE.

An attorney, in an affidavit made by himself, and filed in a surrogate's court, charged the surrogate with corrupt practices, and also charged him, while presiding in open court, with being an infamous, forsworn, and corrupt judge. When arraigned in the supreme court for this misconduct, he reiterated the charges in an affidavit, and insisted upon the truth of them. *Held*, that he should be disbarred.

Motion for disbarment of John E. Murray, an attorney.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Peter B. Olney*, for the motion.   *John E. Murray*, in person, opposed.

PER CURIAM.   The respondent, in a affidavit made by him, and filed in the surrogate's court of this county in a matter pending before that officer, charged him with corrupt practices; and also, while presiding and in open court, in a matter then also pending before him, charged the learned surrogate thus publicly with being an infamous, forsworn, and corrupt judge.   When arraigned here for this professional misconduct he reiterated the charges in an affidavit filed by him in this proceeding, and insisted upon the truth of them. This conduct is unprecedented and unprofessional.   The charges are most serious in character, and would be attended with the gravest results if established.   They should not therefore be entertained for a moment, except upon the most impressive evidence at least, and then only in the manner provided by law for the investigation of kindred accusations against judicial officers.   These results impose the greatest and most scrupulous care even in an attempted impeachment of a judicial officer, and if a counselor of this court, disregarding that mode of procedure, makes the charge of corruption against an officer in his own court, while sitting in a case which he is investigating, his conduct is in the highest degree unprofessional and improper. If such a performance should be tolerated, when every presumption of law is against the truth of the accusation, the honor of judicial officers would be exposed to the malice or rage of disappointed attorneys whose evil inclinations, anger, or passion would thus seek its gratification.   Unfortunately, perhaps, there are in our profession a few who chafe under an adverse decision, and indulge in utterances which they are only too happy to retract in cooler moments; and this class are unfortunate, it may be, in having adopted a profession which has its successes and failures, the latter arising doubtless more from the infirmities of human evidence than the uncertainty or variability of legal principles.   Here the respondent for the oral declaration against the surrogate was given the opportunity to apologize, which he failed to do, and in this proceeding has given neither signs of regret at his conduct nor retracted, apologized, nor stated anything in extenuation or in mitigation. The excitement caused by overzealous advocacy is not even urged as an apology for the unusual misconduct complained of, or any explanation of it given. On the contrary, the stubborn repetition of the charges confirms their utterance as deliberately and intentionally made, and, from the manner in which they were made, justifies the presumption of an improper motive.   Indeed, the conduct of the respondent was and is so flagrantly subversive of law, order, and decorum that there can be no hesitation as to the consequences that must ensue in the absence of any mitigating circumstances.   It was said in *Bradley* v. *Fisher*, 13 Wall. 355, that the obligations which attorneys impliedly assume, if they do not by express declaration take them upon themselves when they are admitted to the bar, is not merely to be obedient to the constitution and laws, but to maintain at all times the respect due to courts of justice and judicial officers.   This obligation is not discharged by merely

observing the rules of courteous demeanor in open court, but it includes abstaining out of court from all insulting language and offensive conduct towards the judges personally for their judicial acts. In that case the attorney was stricken from the roll for threatening with personal chastisement a judge who was presiding in a case then pending, and in which the counsel was engaged; and although it is not necessary, perhaps, to refer to it,—there being no doubt whatever upon the subject,—it was there declared that the power to remove attorneys from the bar is possessed by all courts which have authority to admit them to practice. We think it our duty to grant the motion made herein forever disbarring the respondent as an attorney or counselor of this court.