### In re CARRAO.

(Supreme Court, Appellate Division, First Department. December 30, 1915.)

1. ATTORNEY AND CLIENT ⬤⟿58—CRITICISM OF COURT—CENSURE OF ATTORNEY.
    It is sufficient, in proceedings by the Bar Association, to censure an attorney who has written a judge, impugning his motives and charging him with improper judicial action in an action against the attorney; he apologizing and expressing regret.
    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 76–78; Dec. Dig. ⬤⟿58.]

2. ATTORNEY AND CLIENT ⬤⟿36—PROCEEDINGS AGAINST ATTORNEY—JURISDICTION.
    Though an attorney of the Supreme Court lives in another district, the court in the district in which he commits unprofessional acts has jurisdiction to take action on a complaint based thereon.
    [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 49; Dec. Dig. ⬤⟿36.]

Proceeding on charges by the Association of the Bar of the City of New York against Francis L. Carrao, an attorney. Respondent censured.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Einar Chrystie, of New York City, for petitioner.
Francis L. Carrao, of Brooklyn, pro se.

PER CURIAM. The offense charged against the respondent is writing a letter to a justice of the Municipal Court, impugning his motives, charging him with improper judicial action, and containing reflections upon other justices of the Municipal Court. The respondent admits the writing of the letter, says that it was in relation to an action

against him personally in the court, in which he felt himself aggrieved, apologizes for the letter, and expresses regret that it was sent.

[1] Under the circumstances, we deem it sufficient to express our disapproval of the action of any attorney of this court, whether representing a client or as a party to an action, in writing a letter to the court, which impugns its impartiality or reflects upon the judicial action of the judge to whom the letter is written or other justices of the court.

[2] The jurisdiction of the court to take action on such a complaint is beyond question. Matter of Manheim, 113 App. Div. 136, 99 N. Y. Supp. 87; Matter of Rockmore, 127 App. Div. 499, 111 N. Y. Supp. 879. The act upon which the charges were based was committed in this judicial district, and the respondent is an attorney of the Supreme Court of the state of New York, and is responsible, not only in the district in which he lives, but also in any district in which he is guilty of professional misconduct.

The respondent is therefore severely censured for his conduct. Settle order on notice.