[Civ. No. 2286. First Appellate District.—December 4, 1917.]

In the Matter of the Accusation of BAR ASSOCIATION OF SAN FRANCISCO v. HORACE W. PHILBROOK.

ATTORNEY AT LAW—MAKING AND FILING OF DISRESPECTFUL AFFIDAVIT—PERMANENT DISBARMENT.—An attorney at law who makes and files an affidavit in a pending action charging several judges of the superior court, various members of the bar, and other persons with confederating in a wicked and criminal conspiracy against the plaintiff in the action whom he represented, and which affidavit abounds in such phrases as "criminal, corrupt, and wicked conspiracies," "criminal confederates," "colossal and confident insolence," "criminal prosecution," "calculated brutality," and similar phrases ofttimes repeated and applied to the judicial officers in question, and containing also the reiterated characterization of certain proceedings in the courts over which such judicial officers presided as "a corrupt deadfall," violates the spirit, intent, and terms of section 282 of the

Code of Civil Procedure, and affords ample ground for the perma-
nent disbarment of such attorney, especially when neither justifica-
tion, withdrawal, mitigation, or excuse for the making and filing of
such a document has been proffered.

ACCUSATION against an attorney at law for the purpose
of disbarment.

The facts are stated in the opinion of the court.

Lloyd S. Ackerman, for Petitioner.

Horace W. Philbrook, *in pro. per.*

THE COURT.—On September 24, 1917, an accusation in
writing was filed in this court, verified by Lloyd S. Ackerman,
Esq., acting on behalf of the Bar Association of San Fran-
cisco, wherein it was charged that Horace W. Philbrook had
violated his duties as an attorney and counselor at law as de-
fined by section 282 of the Code of Civil Procedure, by the
making and filing of a certain affidavit in an action then
pending in the superior court of the city and county of San
Francisco, numbered 73,516, and entitled "Florence E. Phil-
brook, Administratrix with the Will Annexed of the Estate
of Humphrey A. Randall, Deceased, Plaintiff, *versus* William
J. McGee, Defendant," wherein said Philbrook had specifi-
cally charged that several of the present judges of the supe-
rior court of the city and county of San Francisco and of
several other counties of the state, together with certain speci-
fied members of the bar and other designated persons, had
confederated in a wicked and criminal conspiracy against the
plaintiff in said action, with the design and purpose of hav-
ing rendered a false and corrupt judgment in said action
against said plaintiff and in favor of the defendant therein;
which said affidavit, as set forth in said accusation, was
couched in language replete with offensive personalities,
wherein and by the use of which the said Horace W. Phil-
brook is averred to have violated his duty to maintain the
respect due to courts of justice and the judges thereof, and
to abstain from offensive personalities toward the courts and
the counsel for opposing parties, and to have been thereby
guilty of unprofessional conduct, for which the said accusa-

tion prayed that he be disbarred or subjected to such other penalties as to the court should seem proper.

Upon the filing of said application and upon the date thereof this court made and entered an order requiring the said Horace W. Philbrook to appear and answer said accusation before it on Monday, October 22, 1917, at 10 o'clock A. M., or as soon thereafter as the matter could be heard, and that a copy of such accusation and order be served upon him at least five days before the time appointed for the hearing thereon. On October 22, 1917, and at the time appointed for the hearing upon said accusation and upon the calling of said case for hearing, said Horace W. Philbrook was present in court, and thereupon made and tendered several successive special appearances in writing for the purpose of presenting and supporting several motions then made by him to strike said accusation from the files of this court and to dismiss the same, and also to quash the said order upon the several and specified grounds set forth in each of said motions, but each of his said motions being presented and argued before the court and submitted to it for decision was denied; whereupon the said Horace W. Philbrook was required by this court to then and there make such further appearance and present such other answer or defense to such accusation as he might be advised, whereupon said Horace W. Philbrook refused to make any further motion, answer, or defense to said accusation at that time; whereupon the matter was ordered submitted to this court for decision.

The affidavit of the respondent which the accusation herein charges to have been made and filed and to embrace matters in violation of section 282 of the Code of Civil Procedure was attached as an exhibit to the accusation herein and made a part thereof. It has been examined by us, and found to be couched in intemperate and abusive language directly and repeatedly applied to a number of the superior judges of the city and county of San Francisco and other counties in this state, and wherein these judicial officers, designated by name and with much of detail and circumstance, are charged with having entered into a criminal conspiracy among themselves and with other persons for the purpose of causing to be made and entered a false and corrupt judgment against the plaintiff in the action wherein said affidavit was filed.

The charges which the respondent thus makes and reiterates against the judicial officers named in his affidavit are of such a serious, and in fact criminal, character as to fully justify, if proven, the impeachment and removal from office of these persons.  The law has provided a forum for the presentation, hearing, trial, and judgment of charges of this character when they are to be directed against judicial officers of this state.  That forum is the court of impeachment provided for in section 18 of article IV of the state Constitution, wherein judges of the superior court are expressly made liable to impeachment for misdemeanors in office; and also in sections 33 to 39, inclusive, of the Code of Civil Procedure, and sections 737 to 753, inclusive, of the Penal Code, wherein a procedure is given for carrying into effect the aforesaid constitutional provision.  It would be clearly the duty of any citizen, and particularly of any member of the legal profession, having knowledge of such matters as are adverted to in the affidavit of the respondent herein to seek this forum for the purpose of removing from office by their impeachment those judicial officers whom this respondent assails; but it is equally clear that it would be against public policy and in the highest degree unprofessional and improper to permit assaults of the character of that indulged in by the respondent herein to be made upon the courts and judicial officers of the state in the ordinary course of the trial of causes, and by the means which this respondent has employed; for to do so would be to suffer the judicial respect, integrity, honor, and reputation of courts and judges to be attacked and overthrown with no opportunity for either defense, justification, or redress on the part of those assailed.

The case of *In re Murray,* 58 Hun, 604, [11 N. Y. Supp. 336], is instructive upon this phase of the present proceeding.  The respondent in that case, in an affidavit made by him and filed in the surrogate court in a matter then pending before that court, charged the surrogate with corrupt practices, and also and in open court publicly repeated such charge, asserting such surrogate to be an infamous, foresworn, and corrupt judge.  In a proceeding for his disbarment he reiterated the charges in an affidavit filed by him, in which he insisted upon the truth of his assertions.  "This conduct," says the court, "is unprecedented and unprofessional.  The charges are most serious in character, and would be attended

with the gravest results if established. They should not therefore be entertained for a moment except upon the most impressive evidence at least, and then only in the manner provided by law for the investigation of kindred accusations against judicial officers. These results impose the greatest and most scrupulous care even in an attempted impeachment of a judicial officer; and if a counselor of this court, disregarding that mode of procedure, makes the charge of corruption against an officer in his own court while sitting in a cause which he is investigating, his conduct is in the highest degree unprofessional and improper. If such a course should be tolerated when every presumption of law is against the truth of the accusation, the honor of judicial officers would be exposed to the malice or rage of disappointed attorneys, whose evil inclinations, anger, or passion would thus seek gratification. It was said in *Bradley* v. *Fisher,* 13 Wall. 335, [20 L. Ed. 646], that the obligations which attorneys impliedly assume, if they do not by express declaration take them upon themselves, when they are admitted to the bar, are not merely to be obedient to the constitution and laws, but to maintain at all times the respect due to courts of justice and judicial officers.''

In addition to the remedy suggested by the foregoing considerations, there was another and more immediate remedy at all times open to the respondent. He charges the existence of a criminal conspiracy in which the judicial officers he designates and other specified persons are involved. Section 182 of the Penal Code defines and provides for the punishment of criminal conspiracies while, section 753 of the Penal Code provides that a conviction on impeachment of any offense which is also the subject of indictment or information shall not be a bar to such indictment or information. These ordinary courses of the law have at all times been open to the respondent if he is in fact in possession of any information as to the actual existence of the criminal conspiracies which he charges in his affidavit; and it would be his clear duty to betake himself to one or other of the foregoing courses rather than to indulge in a manifest violation of section 282 of the Code of Civil Procedure in making a disrespectful assault upon the dignity of the courts and the integrity of the judicial officers in a manner which affords those who are thus assailed no opportunity for defense, vindication, or protection.

But in addition to these considerations the language of the affidavit which forms the basis of the present proceeding is of the most disrespectful and intemperate character, abounding as it does in such phrases as "criminal, corrupt, and wicked conspiracies," "criminal confederates," "colossal and confident insolence," "criminal prosecution," "calculated brutality," and similar phrases, ofttimes repeated and applied to the judicial officers in question, and containing also the reiterated characterization of certain proceedings in the courts over which such judicial officers presided as "a corrupt deadfall." The making and filing of such a document in which such expressions are repeatedly and offensively employed, and which is surcharged with other intemperate utterances and innuendoes, constitutes a clear violation of the spirit, intent, and terms of section 282 of the Code of Civil Procedure; and when such a document has been personally and willfully prepared, verified, and filed by an attorney and counselor at law in a cause pending in the courts, and before the judicial officers to which its intemperate, offensive, and highly disrespectful expressions directly refer, it affords ample ground for the permanent disbarment of such a person, especially when neither justification, withdrawal, mitigation, or excuse for the making and filing of such a document has been proffered by the respondent in the proceeding now pending before us.

It is therefore ordered, adjudged, and decreed that Horace W. Philbrook, an attorney and counselor at law of the state of California, is guilty of violating his duty as such attorney and counselor at law in that he has failed to maintain the respect due to courts of justice and judicial officers, and has failed to abstain from offensive personalities, and that therefore the name of Horace W. Philbrook shall be stricken from the roll of attorneys and counselors at law, and that he be and he is hereby permanently precluded from practicing as such attorney and counselor at law in all of the courts of this state.