In the Matter of LOUIS G. GREENFIELD and SIDNEY W. ROTHSTEIN, Attorneys, Respondents. SOLOMON A. KLEIN, Petitioner.— This is a proceeding to discipline respondents, attorneys, for professional misconduct and conduct prejudicial to the administration of justice upon the following charges: (1) that, following the denial by a Justice of the Supreme Court of a motion made by respondents in a pending action, the respondent Greenfield, acting in concert with respondent Rothstein, wrote and addressed a letter to the said Justice, wherein respondent Greenfield falsely, recklessly, and without any basis in fact, accused the Justice of misconduct in office and further set forth utterly false, defamatory and scandalous charges against him; (2) that thereafter respondent Greenfield, acting in concert with respondent Rothstein, wrote and addressed another letter to the said Justice accusing him of official misconduct; (3) that respondent Greenfield prepared and submitted letters and affidavits containing allegations of misconduct on the part of the Justice and a County Clerk and circulated the same to the Governor of this State, the District Attorney, the Judicial Conference, and the Presiding Justice of this court, and that such allegations were utterly false, defamatory and scandalous and without basis in fact; (4) that in an action pending in the Supreme Court, Westchester County, the respondent Rothstein prepared, executed and submitted an affidavit in support of a motion which set forth alleged statements of fact that were known to him to be false and untrue and were intended to deceive the court; (5) that respondent Rothstein testified under oath before the Judicial Inquiry on Professional Conduct in the Borough of Brooklyn, wherein he gave false testimony, with knowledge of its falsity; and (6) that respondent Rothstein

converted to his own use a part of the proceeds of a check drawn for the benefit of the law firm of which he was a member. Petitioner further alleges that respondent Greenfield wrote and addressed another letter to the said Justice wherein the said respondent recanted his charges of official misconduct on the part of such Justice and admitted that the said charges were utterly false and without foundation in fact, and apologized for his prior conduct. In answer to the order to show cause and petition instituting this proceeding, the respondent Greenfield submitted a voluminous verified answering affidavit in which he admitted each of the charges against him (except that he denied acting in concert with the respondent Rothstein), and in which he set forth, by way of explanation and mitigation of the charges, the alleged circumstances which prompted his actions and apologized profusely for the wrong he had done to the Justice. The substance of his explanation was that he acted in good faith on the basis of false information given to him by respondent Rothstein and another associate which he accepted without making any investigation thereof. Assuming, without deciding, that respondent Greenfield's explanations are truthful and his apology sincere, his conduct must, nevertheless, be severely condemned. As stated in a somewhat similar case (*Matter of Bevans,* 225 App. Div. 427, 431): "Judicial officers, as we have said, are not immune from suit or criticism; but, like every one else, they are protected against scandalous charges. To make a public, false and malicious attack on a judicial officer is more than an offense against him individually; it is an offense against the dignity and integrity of the courts and of our judicial system. It may bring discredit upon the administration of justice amongst citizens who have no way of determining the truth of the charges. It tends to impair the respect and authority of the court. In this and in other jurisdictions, the rule is well settled that an attorney who engages in making false, scandalous or other improper attacks upon a judicial officer is subject to discipline. (*Matter of Manheim,* 113 App. Div. 136; *Matter of Rockmore,* 127 *id.* 499; *Matter of Carrao,* 170 *id.* 545; *Matter of Murray,* 11 N. Y. Supp. 336; 58 Hun, 604; *Bradley* v. *Fisher,* 13 Wall. 335, 355; *Cobb* v. *United States,* 172 Fed. 641; *Thatcher* v. *United States,* 212 *id.* 801; *Matter of Mains,* 121 Mich. 603.) * * * A man guilty of such practices as are here considered is dangerous in any walk of life and is especially so when he occupies the responsible position of an attorney upon whose good faith, truthfulness, sense of propriety and ethical standards both courts and litigants are entitled to rely. (*Matter of Hawes,* 169 App. Div. 644, 648; affd., 217 N. Y. 602). The acts and the attitude of the respondent are clearly indicative of professional misconduct and illustrative of a mind barren of conceptions of ethics." Moreover, it is alleged in the answering affidavit of respondent Greenfield that he signed a certificate of copartnership with respondent Rothstein and two other lawyers; that such certificate was duly filed; and that he thereafter secured a certified copy thereof for one of the attorneys named in the said certificate in order to use it as "proof" for the purpose of securing so-called important clients, although it was orally understood and agreed among all who had signed said certificate of copartnership that no partnership relation actually existed. It thus appears by respondent Greenfield's own admission that he has lacked honesty and integrity in the handling of his own personal affairs. "One who acts thusly with his own matters is not likely to do otherwise when a client is involved." (*Matter of Gluck,* 229 App. Div. 490, 499.) Accordingly, the respondent Greenfield is suspended from the office of attorney and counselor at law and is enjoined from the practice of law for a period of three years, commencing as of the date of entry of the order hereon. Pursuant to statute (Judiciary Law, § 90, subd. 6), the order to show cause and petition

were duly served upon respondent Rothstein by mail at his last-known residence, as directed by the Presiding Justice of this court. The said respondent, however, has failed to appear in this proceeding or to serve an answer to the petition. Accordingly, the respondent Rothstein is disbarred, effective as of the date of the entry of the order hereon. Ughetta, Acting P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.