■ In the Matter of WILLIAM A. BRENNER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent, who was admitted to the Bar by this court in 1967, maintains an office for the practice of law in Grahamsville, Sullivan County.

Petitioner commenced this attorney disciplinary proceeding against respondent by petition containing four charges of misconduct, all arising out of respondent's representation of the estate of Sima Molofsky. Essentially, the charges allege that respondent neglected the estate, failed to respond to client inquiries, handled a legal matter which he was not competent to handle, and failed to cooperate with petitioner in its investigation of this matter. By decision dated January 19, 1990, this court granted a motion by petitioner, pursuant to section 806.5 of the court's rules (22 NYCRR 806.5), for an order declaring that no factual issues were presented and fixing a time at which respondent could be heard in mitigation or otherwise. Thereafter, respondent appeared before the court and was heard on the issue of mitigation.

The facts underlying the present charges against respondent are undisputed. In June 1987, respondent was retained to represent the estate of Sima Molofsky. During that same month, respondent had Sima's children, Merle Molofsky and Jonathan Molofsky, sign petitions to open their mother's safe-deposit box and a certain form required by the State Department of Taxation and Finance. In September 1987, the Sullivan County Surrogate signed an order authorizing the opening of the safe-deposit box. However, it was not until February 1988 that respondent actually opened the box which contained Sima Molofsky's will. Thereafter, respondent failed to take any steps to have the will probated. Moreover, it was not until May 1988 that respondent filed the form required by the State Department of Taxation and Finance that Sima Molofsky's children had signed in June 1987.

In November 1988, Jonathan Molofsky and Merle Molofsky, by letter, discharged respondent. Respondent failed to reply to this letter. In December 1988, again by letter, Jonathan and Merle Molofsky directed respondent to transfer his file in the matter to their new attorney. Respondent did not acknowledge such letter and did not forward the file to the new attorney until February 1989.

During the time respondent represented the estate, he at one point advised Merle Molofsky that, prior to her mother's death, she had orally assigned to Merle and her brother Jonathan a mortgage held by her as mortgagee. Respondent later admitted that he should have known that the oral assignment of the mortgage was ineffective. On a different occasion, respondent expressed his opinion that, because of the small size of Sima Molofsky's estate, it was not necessary to seek probate of her will but, rather, that the mere filing of the Department of Taxation and Finance form would suffice. Again, respondent later admitted that this opinion was erroneous.

Apparently disturbed by respondent's handling of her mother's estate, Merle Molofsky filed an inquiry with petitioner. On April 18, 1989, petitioner forwarded such inquiry to respondent and requested that he submit a written reply within 20 days. When respondent failed to reply within such time, petitioner advised him by letter dated May 16, 1989 that, if he did not file his reply within seven days, it would apply for a subpoena directing his testimony under oath. No reply was received, and petitioner obtained a subpoena which was personally served upon respondent on June 5, 1989. On June 12, 1989, respondent finally furnished his written reply to Merle Molofsky's inquiry. On June 14, 1989, respondent was examined under oath pursuant to the subpoena.

Respondent submits in mitigation that his delay in attending to the estate was inadvertent and resulted, at least in part, from his preoccupation with business matters during the income tax return filing season. He offers this same explanation to account for his failure to cooperate with petitioner in its investigation, and states further that he was unable to fully cooperate with petitioner due to illness. Respondent points out that the Molofskys were family friends and that he never charged or intended to charge a legal fee for his services.

We note that respondent has established a disciplinary record before petitioner, having been admonished three times since 1981.

While respondent's conduct does not appear to have been the product of any venal or self-serving motive, it cannot be excused. His neglect of an estate that had been entrusted to him constitutes misconduct calling for discipline by this court (see, Matter of Frankel, 123 AD2d 468). Likewise, respondent's failure to respond to his clients' letters is deserving of disci-

pline *(see, Matter of Snow,* 142 AD2d 835, 838-839), as is his failure to cooperate with petitioner *(see, Matter of Feit,* 156 AD2d 810) and his handling of a legal matter that he was not competent to handle. In our view, the ends of justice will be adequately served in this case by the imposition of a censure.

Respondent censured. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.