(October 19, 1992)

■ In the Matter of VICTOR A. GARNICE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to practice by this Court in 1985. He maintains offices for the practice of law in Phoenix, Arizona, where he is also admitted to practice, and in New York City.

Petitioner, the Committee on Professional Standards, moves for an order pursuant to section 806.19 of the rules of this Court (22 NYCRR 806.19) imposing discipline upon respondent by reason of his censure by the Supreme Court of Arizona. Respondent opposes the imposition of reciprocal discipline on the ground that it would be unjust (see, 22 NYCRR 806.19 [c] [3]).

Two complaints of professional misconduct were filed against respondent in March 1991 by the State Bar of Arizona. After respondent answered the charges, a hearing was held and the hearing committee issued a report recommending that respondent be suspended from practice for 120 days. On appeal by respondent, the disciplinary commission of the Supreme Court of Arizona rejected the recommendation and instead recommended that respondent be censured and placed on probation for a period of two years, to include the appointment of a practice monitor. On June 2, 1992, the Supreme Court of Arizona censured respondent.

It appears that the Arizona disciplinary authorities found

that respondent, retained in a matrimonial matter, made a motion containing assertions of law and fact based upon inadequate research of a section of New York's Domestic Relations Law and upon inadequate factual inquiry. The inadequacies were found to be the result of neglect rather than design. In a second matrimonial matter in which respondent was retained, the Arizona authorities found him guilty of failure to diligently pursue the matter and of mishandling funds and property (though not of misappropriation). In determining an appropriate disciplinary sanction, Arizona considered respondent's two prior informal reprimands and the apparently selfish motives underlying some of the misconduct; his full cooperation in the disciplinary proceedings was also noted.

In view of the ample due process afforded respondent in Arizona and the extensive findings of fact and conclusions of law supporting the imposition of discipline in that State, we conclude that it would not be unjust to impose reciprocal discipline upon respondent in this State. We further conclude that the ends of justice will be served by imposing upon respondent the same discipline in this State as was imposed in Arizona. Respondent is, therefore, censured. *(See, e.g., Matter of Nulle,* 87 AD2d 657.)

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered, that respondent be and hereby is censured.