(March 5, 1993)

■ In the Matter of WILLIAM A. BRENNER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [594 NYS2d 829] —Per Curiam. Respondent was admitted to practice by this Court in 1967 and maintains a law office in Grahamsville, Sullivan County.

By petition dated December 2, 1991, petitioner, the Committee on Professional Standards, brings two charges of professional misconduct against respondent: (1) making false accusations and assertions against a Family Court Hearing Examiner in a letter dated December 31, 1990; and (2) improperly communicating with the Family Court Hearing Examiner.

After a lengthy hearing, the Referee sustained both charges of misconduct and recommended that respondent be censured

and that costs be assessed against him. Petitioner moves to confirm the Referee's report. Respondent opposes the motion and seeks dismissal of the charges.

In December 1990, one Peter Mangiameli, a resident of Ellenville in Ulster County, met with respondent to discuss a violation of child support petition which had been filed against him in Family Court in Suffolk County where his ex-wife resided. Mr. Mangiameli had just appeared, on November 26, 1990, before Suffolk County Family Court Hearing Examiner Lewis A. Silverman in response to an arrest warrant issued after Mr. Mangiameli failed to appear on the November 1, 1990 return date of the violation petition. At the hearing, Hearing Examiner Silverman scolded Mr. Mangiameli for his failure to comply with the Family Court's support orders and for his failure to appear on November 1. He also used a threat of jail to emphasize the seriousness of the situation. He advised Mr. Mangiameli to get an attorney, released him, and scheduled a hearing for January 3, 1991 on the violation petition. Mr. Mangiameli was not accompanied by an attorney at the November 26 hearing. During prior child support appearances before Hearing Examiner Silverman dating from 1988, Mr. Mangiameli had been represented by retained and assigned attorneys and by the Suffolk County Legal Aid Society.

Mr. Mangiameli met with respondent in December 1990 and provided respondent an oral recounting of the child support proceedings and some relevant documents. He also accused Hearing Examiner Silverman of bias stemming from an alleged high school antagonism between Mr. Mangiameli and the Hearing Examiner. Mr. Mangiameli and his ex-wife and Hearing Examiner Silverman all graduated in 1969 from the same Long Island high school.

Respondent prepared a six-page letter dated December 31, 1990, on Mr. Mangiameli's behalf. It was written on respondent's letterhead and was addressed to the Chief Judge of the Suffolk County Family Court. The last page of the letter indicated that copies had been provided to Hearing Examiner Silverman, the Commission on Judicial Conduct, and Peter Mangiameli. Respondent relied solely on the information provided to him by Mr. Mangiameli in drafting the letter. He did not attempt to corroborate the factual allegations nor did he do any legal research to support his statements. Although respondent testified that he intended the entire letter be read with the caveat "according to Mr. Mangiameli", his failure to preface many of the factual allegations with such a phrase or

"on information and belief" created the impression that the letter's factual allegations were statements of fact respondent knew to be true. Also, although respondent testified that by writing the letter he was not undertaking to represent Mangiameli, the letter indicates that respondent was "assisting" him in the matter and urged that certain relief be granted by the court. Respondent's actual status with respect to Mangiameli was not made clear. The bulk of the letter was an attempt to demonstrate possible bias against Mr. Mangiameli by Hearing Examiner Silverman. While actual distribution of the December 31 letter is less than clear, it appears that respondent or Peter Mangiameli mailed a copy of it to the Commission on Judicial Conduct before the January 3, 1991 hearing; that on January 3, Peter Mangiameli delivered a copy to the Suffolk County Family Court's Supervising Judge and a copy to an attorney, Joseph Caramagno, assigned on January 3 to represent him. Attorney Caramagno may have discussed the letter before the hearing with Hearing Examiner Silverman but Silverman appears to have first seen the letter when the Supervising Judge later discussed it with him in the Supervising Judge's chambers. Mr. Mangiameli's ex-wife was not provided a copy, although she appeared *pro se* on January 3.

At the January 3 hearing, Examiner Silverman concluded that both sides believed he could not be impartial because "I knew everybody 20 years ago" and referred the matter to another Hearing Examiner.

Charge I accuses respondent of violating the Code of Professional Responsibility DR 1-102 (A) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) and DR 8-102 (B) (22 NYCRR 1200.43 [b]) by making false accusations and assertions against a Family Court Hearing Examiner. It cites the December 31, 1990 letter, its distribution, and respondent's failure to attempt to verify Mr. Mangiameli's assertions before forwarding the letter. The Referee found that respondent should have clearly labelled the letter's factual assertions as allegations by Mr. Mangiameli and should have made a reasonable effort to learn whether or not there was a fair basis for them. He also discredited Mr. Mangiameli's testimony repeating the allegations of bias against Hearing Examiner Silverman and questioned respondent's discernment in putting his faith in Mr. Mangiameli's charges. By adopting petitioner's proposed findings of fact, he also found false, misleading, and inaccurate many of the specific statements in the December 31, 1990 letter.

Charge II accuses respondent of improperly communicating with a Family Court Hearing Examiner while a matter was pending before him, in violation of the Code of Professional Responsibility DR 7-110 (22 NYCRR 1200.41). The single specification cites delivery of the December 31, 1990 letter to Hearing Examiner Silverman and respondent's failure to provide a copy of said letter to the adverse party in the proceeding. The Referee concluded that the exercise of simple good sense would have shown respondent that whether or not he was technically writing as a lawyer for or representative of Mr. Mangiameli, his ex-wife was entitled to a copy of the letter.

We confirm the Referee's report with respect to charge I to the extent of finding respondent guilty of violating DR 1-102 (A) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]). It constitutes professional misconduct in violation of such rules for an attorney to publish in writing inflammatory accusations on behalf of a party to litigation, without clear attribution as to source or reliability, against the party's adversary and against the Judge or Hearing Officer presiding where the writing is intended to influence the course and outcome of the proceeding and where the attorney's failure to make a reasonable effort to verify the accusations or determine if there is a fair basis for them results in a writing replete with falsehoods, inaccuracies, and misleading statements (see, e.g., Matter of Holtzman, 78 NY2d 184, cert denied — US —, 116 L Ed 2d 665; Matter of Abbott, 167 AD2d 617; see also, Matter of Garnice, 186 AD2d 863). Because we agree with the Referee's finding that respondent acted in good faith, we conclude that respondent should not be found guilty of violating DR 8-102 (B) (22 NYCRR 1200.43 [b]) which proscribes knowingly making false accusations against an adjudicatory officer.

We confirm the Referee's report with respect to charge II. Respondent did not take adequate steps to insure that the December 31, 1990 letter reached Mr. Mangiameli's ex-wife. The letter was not copied to her and respondent inadvisably relied on Mr. Mangiameli for its distribution (see, e.g., Matter of Johnson, 184 AD2d 968). As noted in EC 7-35, a lawyer should not communicate with a tribunal by a writing unless a copy thereof is promptly delivered to opposing counsel or to the adverse party if he or she is not represented by a lawyer.

We find unpersuasive respondent's defenses to the disciplinary charges. His claim that he had an ethical duty to report knowledge of judicial bias and improper judicial actions seems misdirected: the charges against him concern the manner in

which he discharged his perceived ethical duty, not whether he had one. He also claims that he was faced with an emergency justifying his total reliance on Mr. Mangiameli for information. However, the testimony before the Referee indicates respondent had adequate time to attempt to substantiate the letter's statements. He also reasserts the truth of the letter, claiming Mr. Mangiameli's allegations were proved at the disciplinary hearing. However, the Referee discredited Mr. Mangiameli's testimony, a conclusion we are loathe to disturb as the Referee was in the best position to assess credibility *(see, Matter of Von Wiegen,* 146 AD2d 901, 903-904, *lv denied* 74 NY2d 603).

In determining an appropriate disciplinary sanction, we first note several mitigating considerations, including respondent's good faith in sending the letter and the relatively minor harm it caused. Respondent has also been active in many volunteer community activities and provides *pro bono* legal representation. Some aggravating considerations, however, must also be cited. Respondent sent the December 31, 1990 letter to the Commission on Judicial Conduct, indicating an intent not only to help Mr. Mangiameli but to exert extrajudicial pressure on the Hearing Examiner. Respondent has been previously subjected to disciplinary sanctions. He has been orally admonished by petitioner twice, in 1981 and 1982, received a written admonition in December 1987, and was publicly censured in March 1990 *(Matter of Brenner,* 159 AD2d 931).

Considering the nature of the misconduct and respondent's prior disciplinary record, we conclude that respondent should be suspended from the practice of law for three months *(see, e.g., Matter of Greenfield,* 24 AD2d 651; *Matter of Carrao,* 170 App Div 545).

Finally, although requested by petitioner and recommended by the Referee, we conclude that this is not a proper case for imposition of costs against respondent. Also, although respondent's behavior before the Referee was no doubt annoying and lengthened the hearing, his conduct did not rise to the level of intentional and abusive litigation practices warranting the imposition of financial sanctions *(see, Gabrelian v Gabrelian,* 108 AD2d 445, 454, *appeal dismissed* 66 NY2d 741).

Weiss, P. J., Mikoll, Yesawich Jr., Levine and Casey, JJ., concur. Ordered that, petitioner's motion to confirm the Referee's report be granted, with respect to charge I, to the extent of finding respondent guilty of violating the Code of Professional Responsibility DR 1-102 (A) (5), (7) (22 NYCRR 1200.3

[a] [5], [7]) and, with respect to charge II, in its entirety; and it is further ordered that pursuant to Judiciary Law § 90 (2) respondent is hereby suspended from the practice of law for a period of three months, effective April 5, 1993; and until further order of this Court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor at law, that he has complied fully with the provisions of section 806.12 (b) of this Court's rules governing the conduct of attorneys (22 NYCRR 806.12 [b]), and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered, that for the period of suspension respondent be and hereby is commanded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor at law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.