(October 27, 1998)

■ In the Matter of WILLIAM A. BRENNER, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [679 NYS2d 181] —Per Curiam. Respondent was admitted by this Court in 1966 and maintains an office for the practice of law in Grahamsville, Sullivan County.

Respondent has admitted and been heard in mitigation on six charges of professional misconduct brought by petitioner, the Committee on Professional Standards.

Respondent commenced a personal injury lawsuit on behalf of a client but his subsequent failure to proceed resulted in the dismissal of the action. The neglect continued despite an oral admonition issued by petitioner in 1996. Thereafter, respondent met with the client and prepared an affidavit in support of a motion to set aside the dismissal. Although the client orally affirmed the truth of the affidavit during the meeting and later signed a typewritten copy, respondent affixed his signature as notary public to the original affidavit on a date when the client did not actually appear before respondent and sign it. Respondent submitted the improperly notarized affidavit to the court. He has made amends to the client by paying him $5,000, albeit after the instant petition was filed.

When respondent resumed his representation of a divorce client after his reinstatement from a three-month suspension (*see, Matter of Brenner*, 191 AD2d 800, *appeal dismissed* 82 NY2d 777, *rearg dismissed* 82 NY2d 889; *Matter of Brenner*, 200 AD2d 850), he failed to provide her with the required statement of client's rights and responsibilities (*see,* 22 NYCRR 1200.47, 1400.2). After the instant petition was filed, respondent attempted to correct the deficiency by mailing the client a statement and asking her to sign and return it to him; she has not done so. Respondent neglected the divorce matter by failing, for about 14 months, to submit an order to the court grant-

ing his motion to hold the ex-husband in contempt. He then neglected to file the order for another three months. Because it appears respondent was representing the client *pro bono*, we dismiss that portion of charge IV alleging failure to enter a written retainer agreement with the client (*see*, 22 NYCRR 1400.1).

Finally, when the building housing his tax preparation business burned down in 1995, respondent sued the landlord on behalf of the tenants; the named plaintiffs included Peter and Maureen Mangiamelli, individually and doing business as P&M Mangiamelli Bookkeeping. While the action was pending, respondent filed an order to show cause seeking a preliminary injunction and order of attachment against the Mangiamellis and their business and alleging embezzlement of moneys from the tax preparation business. By so doing, respondent engaged in a conflict of interest in violation of disciplinary rules (*see*, Code of Professional Responsibility DR 5-105 [B] [22 NYCRR 1200.24 (b)]). Also, by representing his incorporated tax businesses in the suit, respondent violated the disciplinary rules prohibiting an attorney from representing clients as an advocate when it is obvious that the attorney will be called as a witness in the case (*see*, DR 5-101, 5-102 [22 NYCRR 1200.20, 1200.21]).

Although it appears respondent is a valued member of his community, both as a volunteer and as an attorney, we measure such contributions against his present misconduct and prior discipline, which includes three oral admonitions, a letter of admonition, a public censure (*Matter of Brenner*, 159 AD2d 931), and a three-month suspension (*Matter of Brenner*, 191 AD2d 800, *supra*). Under the circumstances, we conclude that he should be suspended from practice for a period of six months.

Mercure, J. P., White, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that respondent is guilty of the professional misconduct charged and specified in the petition, except insofar as charge IV alleged failure to enter into a written retainer agreement; and it is further ordered that respondent is suspended from the practice of law for a period of six months, effective 20 days from the date of entry of this order, and until further order of this Court; and it is further ordered that respondent, for the period of suspension, is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another, and is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public

authority or to give to another any opinion as to the law or its application or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules (22 NYCRR 806.9) regulating the conduct of suspended attorneys.